## The Chicago and Alton Railroad Company

### *v.*

### George W. Howard.

1. PLEADING—*declaration—certainty required.* In a *qui tam* action against a railroad company for failing to sound a whistle or ring a bell on approaching a crossing of a public highway, it is not enough to allege that the omission occurred on crossing "a public highway" in a certain county. The highway should be described by name, location or its *termini*, so the company would be apprised of the place where the alleged offense was committed.

2. PARTIES—*who may sue to recover the penalty against railroad companies for failing to sound a whistle or ring a bell.* In suing a railroad company to recover the penalty for a failure to sound a whistle or ring a bell as a train approaches the crossing of a public highway, it is not essential that the suit should be brought by the State's Attorney and in the name of the People; but any informer may sue, in the common law mode, in his own name, as well as on behalf of the People.

3. The 42d section of the act of November 5, 1849, provides that the penalty *may* be sued for by the district attorney, and in the name of the People; the word *may* would unquestionably be construed to mean *shall* in all cases where the public, alone, have an interest, or where a duty is imposed upon a public officer; also, where the public or a private individual has a claim *de jure*, that the power shall be exercised.

4. But under the 38th section of the same act a common informer may sue in his own name, as well as on behalf of the people, to recover this penalty. The right of the public to sue under the 42d section, and that of the informer under the 38th, depends upon which shall first commence the suit.

APPEAL from the Circuit Court of McLean County; the Hon. JOHN M. SCOTT, Judge, presiding.

This was a *qui tam* action commenced in the court below in the name of George W. Howard, who sued "as well for the People of the State of Illinois as for himself," against the Chicago and Alton Railroad Company.

The first count in the declaration is as follows:

George W. Howard, by Tipton & Benjamin, attorneys, who sues as well for the people of the State of Illinois, as for himself, in their behalf complains of the Chicago and Alton Railroad Company, being summoned, &c., of a plea that they, the said defendants, render unto the people of the State of Illinois, and to the said George W. Howard, the sum of one thousand dollars that the defendants owe to and unjustly detain from them, for that whereas, heretofore, to-wit: on the first day of July, in the year of our Lord One Thousand Eight Hundred and Sixty-Four, were the owners of said railroad, situated in part in said county over which road at said time defendants propelled engines and cars, and plaintiffs aver that the said railroad crossed a public highway in said county, and that on the day and year aforesaid, the said defendants propelled an engine across said highway without blowing a steam whistle or ringing a bell of thirty pounds weight at the distance of eighty rods from the place where the said railroad crosses the said public highway, and while crossing the said highway, contrary to the statute in such case made and provided, whereby an action hath accrued to the plaintiff to have and demand of and from the said defendants a large sum of money, to-wit: fifty dollars, parcel of the said sum above demanded.

There were nineteen other counts, all precisely like the first, except in laying the times of violating the provisions of the statute on different days. A demurrer was interposed to the declaration, which was overruled by the court, and the defendants abiding by their demurrer a judgment in chief was entered for the plaintiff. The defendants thereupon took this

appeal, and now insist: *First,* that the declaration is uncertain in respect to the description of the highway in reference to which the offense was alleged to have been committed; and *Second,* that the suit could only be brought in the name of the people.

Mr. A. W. CHURCH, for the appellant.

Messrs. TIPTON and BENJAMIN, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a *qui tam* action for the recovery of various penalties of the railroad company for a failure to ring a bell or sound a whistle at road crossings, in the county of McLean, as required by the statute. The declaration contained twenty counts. Each count contains an averment, that the defendants were the owners of the railroad, situated in part in the county of McLean, over which road they propelled engines and cars, and that their railroad crossed a public highway in the "county, and that on the day and year aforesaid, the said defendants propelled an engine across said highway, without blowing a steam whistle or ringing a bell of thirty pounds weight, at the distance of eighty rods from the place where the said railroad crosses the public highway, and while crossing the said highway, contrary to the statute in such cases made and provided," &c. To this declaration a demurrer was filed, which the court overruled, and defendants abiding by their demurrer, the court rendered a judgment on the demurrer in favor of plaintiffs; to reverse which this appeal was taken.

It is insisted that these various counts of the declaration are fatally defective, for want of certainty. It will be observed that the road is not described, where the offense is charged to have been committed. Under either count in the declaration appellee could have proved an omission to sound a whistle or

ring a bell at any road crossing in the county of McLean.  It is a familiar rule that each pleading must be sufficiently certain to apprise the opposite party of what he is required to meet on the trial, and the court, of the issue presented.  In this we think this declaration was fatally defective.  It should by name, location or by the *termini* of the various roads, have apprised appellants of the place where the offense was charged to have been committed.

Another reason for requiring at least this degree of certainty, is that if a suit should be again brought for either of the penalties claimed in the declaration, appellants would have the right to plead a former recovery.  If such a suit were brought, we are at a loss to perceive how this judgment could be interposed as a bar, inasmuch as the crossing at which any of these offenses are charged to have been committed is not specified by a description of the road or otherwise.

It is likewise urged that this suit was improperly brought. That it should have been under the 42d section of the act, (Scates' Comp. 948) in the name of the people alone, and instituted by the State's Attorney.  Section 38 imposes the duty, and declares the penalty.  It provides, that if the road fails to sound the whistle or ring the bell, as therein required, it shall forfeit a penalty of fifty dollars, one-half to the informer and the other half to the State.  It is declared by the 42d section that all penalties imposed by the act, may be sued for by the State's attorney, and in the name of the people of the State.  It is insisted, that the word *may* in this act must be construed to mean *shall*.  That such is its meaning in all cases where the public, alone, have an interest, or the duty is imposed upon a public officer, there seems to be no question. Also where the public or a private individual has a claim *de jure*, that the power should be exercised.  This is the rule announced in the case of *Schuyler County* v. *Mercer County*, 4 Gilm. 20, and it has ever since been adhered to by this court.

We, however, do not perceive that the rule applies to this case. The public do not, alone, have a right to this penalty, unless they shall. first sue for its recovery. If an informer sues, he acquires an equal right with the public. If the people sue they acquire a right to the whole recovery. But the rights of each are fixed by being the first to institute proceedings for the recovery. If the forty-second section had contained the only provision for bringing suit then it would have to be brought by the State's attorney, and in the name of the people. But under the 38th section a common informer may sue, in the common law mode, in his own name, as well as on behalf of the people. In the case of *Schuyler County* v. *Mercer County*, the law had provided no other court in which a county could be sued, but the Circuit Court of the county sued, and hence it was held the word *may* could only be construed as being imperative. But in this case two modes of bringing suit are provided. The judgment must be reversed and the cause remanded.

*Judgment reversed*