# CHICAGO & ALTON RAILROAD COMPANY

*v.*

## MICHAEL ADLER.

1. JUROR — *competency* — *having a " leaning" against one of the parties.* A juryman who, on his *voir dire,* was asked if the evidence were evenly balanced which way he would be inclined to find, answered that in such case he would " lean against the defendant:" *Held,* such juryman was incompetent, and it was error to refuse his challenge by the defendant.

2. Nor would the fact that such juryman announced himself impartial, in the slightest degree affect the question of his competency.

3. Neither could instructions from the court correct the bias of jurors who swear that they incline in favor of one of the litigants.

4. WITNESS — *refreshing his recollection.* A witness in giving testimony may make use of a copy of an original memorandum to refresh his memory. But, unless he can give a satisfactory reason for using the copy,

that fact might impair the weight of his evidence with the jury — would go to the credit, and not to the competency of his testimony.

5.  Before the witness, however, can be permitted to refresh his memory from the copy, he must be clear and explicit in his evidence that it is truly transcribed from the original, and that the original was correctly made and was true when it was made.

6.  If a witness has no recollection of the circumstances, and can only say they are true because he finds them on his memorandum, it would not be proper to permit him to either read or speak from the memorandum.

7.  RAILROADS — *omission to give signal at highways — proof of highway required.*  In an action against a railroad company to recover a penalty for the neglect of the defendants to give the signal required by the statute when crossing a public highway with their engine and train, it was *held,* the plaintiff was bound to prove, before he could recover, that a highway existed at the point alleged, and it was error for the court to refuse to so instruct the jury.

8.  SAME — *what will be sufficient proof.*  Evidence, however, that a road was there, used by the public, and recognized and repaired, so far as repairs were needed, by the officers having charge of highways would, *prima facie,* prove its existence.  Though, in case defendants desired, the jury should be instructed as to the effect of such evidence, and thus prevent all possibility of its misleading them.

9.  PLEADING — *declaration against railroad company for omission to give signals.*  It is not necessary in such actions, to authorize a recovery, to specify in the declaration the trains the engineers of which were guilty of a violation of the statute.  Neither is proof of the numbers or description of the engines drawing the trains omitting to give the signals material to a right of recovery.

10.  QUI TAM ACTION — *control of the legislature over the penalty.*  A person suing *qui tam* has no vested title in a penalty until he, by a recovery, reduces the claim to a judgment.

11.  And it has been held that the legislature might remit a penalty, even after verdict and before judgment.

12.  So in an action against a railroad company to recover for omissions on the part of the defendants to give the signal required by statute at the crossing of a public highway, instituted under the one hundred and thirty-eighth section of the railroad law of 5th November, 1849, it was *held* erroneous to instruct the jury that if the plaintiff had proved his case they should find a verdict for $50 on each count in the declaration, the legislature having, previous to the trial, by the act of 27th February, 1869, so far changed the penalty of $50 for each omission, given by the act of 1849, as to make it discretionary with the jury to give any sum not exceeding $100, for each omission.  For, although it may be the legislature had no

346    CHICAGO & ALTON R. R. CO. *v.* ADLER.    [Sept. T.,

Syllabus.    Opinion of the Court.

power to increase the penalty after the omissions occurred, yet, having seen proper to give the power to decrease the amount below the $50 given.by the former act, such instruction was therefore improper.

APPEAL from the Circuit Court of Will county ; the Hon. J. McROBERTS, Judge, presiding.

The opinion states the case.

Mr. A. W. CHURCH, for the appellants.

Messrs. RANDALL & FULLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action brought by appellee to recover a penalty against appellants for the failure to ring a bell or sound a whistle at the crossing of a highway with their engine and trains. The suit was instituted under the one hundred and thirty-eighth section of the railroad law of the 5th of November, 1849. On the trial in the court below, the jury found a verdict for $1,150, for various breaches of the statute, upon which a judgment was rendered.

It is first urged, that the court below erred in refusing to allow the peremptory challenges of jurors made by appellants. Four of the jurors who tried the case were asked on their *voir dire* if the evidence were evenly balanced, which way they would incline to find, and each answered that he would, in such case, lean against the defendants, and one of them stated he would do so because the company were able to stand it, and he thought a private individual should "have. a little mite the advantage."

It is a fundamental principle, that every litigant has the right to be tried by an impartial and disinterested tribunal. Bias or prejudice has always been regarded as rendering jurymen incompetent. And when a juror avows that one litigant should have any other than the advantage which the law and evidence give him, he declares his incompetency to decide the case. He

thereby proclaims that he is so far partial as to be unable to do justice between litigants, or that he is so far uninformed, and his sense of right is so blunt, that he can not perceive justice, or, perceiving it, is unwilling to be governed by it.

The rule is so plain and manifest that the party claiming to recover must prove his cause of action, it is a matter of surprise that an adult can be found who would not know that such is the common sense as well as the common honesty of the rule. No ordinary business man would be willing that a claim pressed against him should be allowed, and he be compelled to pay it, when the evidence for and against the claim was evenly balanced. And how such men can bring themselves to apply a different rule, as jurors, to the rights of others, is incompatible with the principles of justice. Nor does the fact that jurors, who avow, under oath, that they would incline to favor a recovery by the plaintiff on evidence evenly balanced, declare that they are impartial, in the slightest degree tend to prove their impartiality. Their statement only tends to prove that they are so far lost to a sense of justice, that they regard what all right-thinking men know to be wrong, as just and impartial. To try a cause by such a jury is to authorize men who state that they will lean, in their finding, against one of the parties, unjustly to determine the rights of others, and it would be no difficult task to predict, even before the evidence was heard, the verdict that would be rendered. Nor can it be said that instructions from the court would correct the bias of jurors who swear that they incline in favor of one of the litigants. In suits for the recovery of penalties, the law does not warrant a recovery, unless the proof clearly preponderates in favor of the plaintiff. And to admit jurymen, who avow that they will not even require a preponderance, would be to violate the rule. The objection was well taken to the jurors, and the court erred in permitting them to act on the trial below.

Appellants asked, but the court refused to give, this instruction: "If the jury believe, from the evidence, that the witness,

Jasper Adler, testified from a written memorandum which he held before him, and shall further believe, from the evidence, that said memorandum was a copy made the day previous, of another memorandum made about two years previously, then the jury are instructed that they will disregard so much of witness' testimony as depends on said copy."

It has been held by this court that a witness may use a memorandum to refresh his memory. *Dunlap* v. *Berry,* 4 Scam. 372. But while the witness may use the memorandum to refresh his memory, he must be able to state that he remembers the facts. If he has no recollection of the circumstances, and can only say they are true because he finds them on his memorandum, it would not be proper to permit the witness to either read or speak from the memorandum. If, in this case, the witness could say that he remembered the omissions to ring the bell or to sound the whistle, no objection is perceived in permitting him to refer to his paper to ascertain the several dates, provided he can say that he knows them to be true, because they were true when made and were noted at the time. But the witness must be able to say the facts thus noted are true. And the witness may use a copy of the original memorandum, but, unless he can give satisfactory reasons for using the copy, that fact might impair the weight of his evidence with the jury. That fact would go to the credit, and not to the competency, of his testimony. But, before he can be permitted to refresh his memory from the copy, he must be clear and explicit in his evidence that it is truly transcribed from the original, and that the original was correctly made, and was true when it was made.

It is next objected that the court erred in refusing to give the sixth of appellants' instructions. It is this: " Unless the plaintiff has proved that the said railroad crossed a highway, as alleged in said declaration, the plaintiff can not recover in this case, and the jury will find for the defendants."

This instruction was proper and should have been given. The gist of the action was, the failure to ring a bell or sound a whistle at the crossing of a public highway. Appellee had averred in his declaration that there was a public highway, and that appellants

had run their engines and trains over it without giving the signal required by the statute, and he was bound to prove that a highway existed at that point. To do so, however, he could adduce evidence that there was a road there, used by the public and recognized and repaired by the officers having charge of highways, so far as repairs were needed. This would, *prima facie,* prove its existence. And, if appellee desired it, he should have asked an instruction informing the jury as to the effect of such evidence, and thus prevented all possibility of its misleading the jury. Containing a correct legal proposition, applicable to the evidence, it should have been given.

It is next urged as ground of reversal that the court misdirected the jury by appellee's instructions. By them the jury are informed that, if the plaintiff had proved his case, they should find for him $50, on each count in the declaration. Under the act of 1849, these instructions would no doubt have been correct, but the act of the 27th of February, 1849, session laws, 308, has, by amendment, made a material change in the law giving such penalties. This act declares that the penalty shall be in a sum not exceeding $100 for each neglect to ring the bell or sound the whistle. Thus it is perceived that the penalty of $50 for each omission given by the act of 1849 is changed to a discretionary power to give any sum not exceeding $100 for each omission.

The second section of the act declares that it shall not apply to suits then pending under the act of 1869, " except that the penalty recoverable in such suits shall be not exceeding $100, instead of $50, as therein provided." This provision operates on the penalty sued for in this case, so far as to repeal the penalty of $50, and to give a discretion in its imposition. Under this last section the jury, had they·been properly instructed, might have given but a nominal penalty. Although it may be the legislature had no power to increase the penalty after the omission had occurred, they have seen proper to give the power to decrease the amount below the $50 given by the act of 1849. And, in view of this statute, the instructions given for appellee were clearly erroneous.

It will be conceded by all, that a person suing *qui tam* has no vested title in a penalty until he, by a recovery, reduces the claim to a judgment. In the case of *Parmelee* v. *Lawrence*, 48 Ill. 331, it was said, that it has never been understood that parties, by their contracts, acquire a vested right to existing penalties. And in the case of *Coles* v. *Madison County*, Breese, 120, it was held, that the legislature might remit a penalty even after verdict and before judgment. It was there said that a party acquired no vested right to a penalty by suing *qui tam*, but only thereby prevented any other person from suing for the same penalty. Blackstone, in his commentaries, vol. 2, p. 442, says: "But there is also a species of property to which a man has not any claim or title whatever, till after suit commenced and judgment obtained in a court of law, when before judgment had, no one can say he has any absolute property, either in possession or in action; of this kind, are first, such penalties as are given by particular statutes, to be recovered in an action popular." This is the general rule and is of frequent application, and, so far as we are aware, it has no exception. This, then, rendered the instructions for appellee erroneous, and they should not have been given.

We perceive no force in the objection that the declaration does not specify the train whose engineer was guilty of a violation of the statute. To require such particularity would render prosecutions of this character exceedingly difficult, and almost operate as a repeal of the statute. And it is believed to be a degree of particularity not required in any pleadings, either at law or in equity. It might be urged with equal force that the defendant's cattle, horses or other stock that have committed a trespass, should be identified and described in the declaration.

Nor was proof of the numbers or description of the engines drawing the trains, omitting to give the signals, material to a right to recover. The judgment of the court below, for the errors indicated, must be reversed and the cause remanded.

*Judgment reversed.*