# St. Louis, Jacksonville & Chicago Railroad Co.

### *v.*

## Warren Kilpatrick.

Pleading—*declaration against a railroad company for killing stock.* In an action against a railroad company to recover the value of a horse killed by the defendant's train of cars, it was averred in the declaration, which contained but one count, that, on the 1st of December, 1867, the defendant was possessed and had entire control of the St. Louis, Jacksonville & Chicago railroad, a portion of which was then run and operated in said county. It was then averred that, at the time aforesaid, it became and was the duty of the defendant, its agents, employees and servants, carefully and skillfully to run and operate said road in and through said county, and that said defendant, by its employees, agents and servants, so carelessly, negligently and unskillfully run and operated said road, in the pursuit of their duties as such employees, etc., that, at the time and place aforesaid, they opened the close in which a certain horse of plaintiff was confined, and carelessly and negligently left the fence surrounding said close down, by reason of which negligence and carelessness on the part of the defendant, its employees, etc., the horse aforesaid escaped from said close, the horse being the property of the plaintiff, and of the value, etc., and at the time and place aforesaid strayed and got on said railroad, and the defendant, by its servants, etc. on the day aforesaid, so conducted and directed the locomotive and train of defendant on said railroad, that the locomotive and train aforesaid struck the horse, he being on said railroad by and through the neglect of defendant in opening the close in which the horse was confined, and leaving the fence down, concluding by alleging the killing of the horse and prayer for damages. Upon a demurrer to the declaration that it was insufficient because of the want of an allegation of time and place when and where the injury was committed, it was *held*, such objection was not tenable, as the acts complained of are referred to the 1st day of December, 1867, on which day the railroad was being operated by the employees of the defendant, and the place being distinctly averred to be at the county aforesaid.

Appeal from the Circuit Court of Tazewell county ; the Hon. Charles Turner, Judge, presiding.

Mr. C. A. Roberts and Mr. N. W. Green, for the appellant.

Messrs. Whitney & Foster, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action on the case by appellee against appellant, to recover the value of a horse killed by appellant's train of cars.

There was a demurrer to the declaration and judgment thereon for the plaintiff, and damages assessed.

The declaration contains one count only, in which it is averred that, on the 1st of December, 1867, the defendant was possessed and had entire control of the St. Louis, Jacksonville & Chicago railroad, a portion of which was then run and operated in said county.   It then avers that, at the time aforesaid, it became and was the duty of the defendant, its agents, employees and servants, carefully and skillfully to run and operate said road in and through said county, and that said defendants, by its employees, agents and servants, carelessly, negligently and unskillfully run and operated said road, in the pursuit of their duties as such employees, etc.; that, at the time and place aforesaid, they opened the close in which a certain horse of plaintiff was confined, and carelessly and negligently left the fence surrounding said close down, by reason of which said negligence and carelessness on the part of the defendant, its employees, etc., the horse aforesaid escaped from said close, the horse being the property of the plaintiff, and of the value, etc., and at the time and place aforesaid strayed and got on said railroad, and the defendant, by its servants, etc., on the day aforesaid, at the place aforesaid, so conducted and directed the locomotive and train of defendant on said railroad, that the locomotive and train aforesaid struck the horse, he being on said railroad by and through the neglect of defendant in opening the close in which the horse was confined, and leaving the fence down, and concludes by alleging the killing of the horse, and prayer for damages.

The principal cause of demurrer appears to be the supposed want of an allegation of time and place when and where the injury was committed.   We think a fair reading of the count

affords no room for this objection. All the acts complained of are referred to the 1st day of December, 1867, on which day the railroad was being operated by the employees of defendant, and the place is distinctly averred to be at the county aforesaid.

The duty of defendant being alleged, and a negligent performance, by which loss happened to the plaintiff, a good cause of action was shown, and the same being admitted by the demurrer, nothing remained to the court but to assess the damages, defendant having chosen to abide by the demurrer.

The judgment is affirmed.

*Judgment affirmed.*