| 66   347
141   618

# The Chicago and Alton Railroad Company

*v.*

# Mary A. Buttolf.

1.  JURY—*question proper to ask juror.*  During the impannelling of the jury in a civil cause, the defendant's counsel asked several jurors this question: If, upon hearing the testimony, they should find it evenly balanced, which way they would be inclined to decide the case?  The court below sustained an objection to such questions: *Held*, that the court erred, as the question was proper in determining the exercise of defendant's right to a peremptory challenge.

2.  EVIDENCE—*impeachment of witness.*  Where a witness is shown to have knowingly testified falsely to a material fact, and there are no circumstances in the case going to corroborate his testimony, then the jury will have the right to reject all his testimony as unworthy of credit; but they should not reject such portions of it as may be corroborated by other unobjectionable evidence in the cause.

3.  Where the court refused the following instruction: "The jury are instructed that if they shall believe that the plaintiff, Mrs. Buttolf, has, in her testimony, knowingly sworn falsely in any material point, they are at liberty to disregard all her testimony as unworthy of belief:" *Held*, no error, as it was too broad, and left out of consideration the element of corroboration.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BECKWITH, AYER & KALES, for the appellant.

Messrs. RAE & MITCHELL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

There are but two points raised on this record.

Upon impannelling the jury, several of the jurors were asked by defendant's counsel this question : If, upon hearing the testimony, they should find it evenly balanced, which way they would be inclined to decide the case?

The plaintiff's counsel objected to the question and the court sustained the objection, and defendant excepted.

On one ground, if no other, the question was proper as determining the exercise of the defendant's right to a peremptory challenge, for, if the answer had been, they would find for the plaintiff, defendant could have challenged for cause.

The case of *Chicago and Alton R. R. Co.* v. *Adler*, 56 Ill. 344, is in point, and disposes of this question.

The remaining point is, refusing this instruction : " The jury are instructed that if they shall believe the plaintiff, Mrs. Buttolf, has, in her testimony, knowingly sworn falsely in any material point, they are at liberty to disregard all her testimony as unworthy of belief."

On the authority of the case of *Crabtree* v. *Hagenbaugh*, 25 Ill. 240, this instruction was properly refused.

The instruction was the same in that case, and this court said it was too broad.  If the witness had so testified to a material fact, and there were no circumstances in the case going to corroborate his evidence, then the jury would have the right to reject all of his evidence as unworthy of credit, but they should not reject such portions as might be corroborated by other unobjectionable evidence in the cause.

The element of corroboration being omitted, vitiated the instruction, and it was properly refused.

On the first point, the judgment must be reversed, and we have less hesitation in so deciding since we are satisfied, by

an examination of the testimony, that the plaintiff is not entitled to the verdict, and justice has not been done.  The evidence that she accepted the money from the company and signed the receipts understandingly, making no claim for any damages other than the loss of a scarf and some trifling hotel expenses, outweighs greatly her own unsupported statement, on which the verdict was rendered.

The judgment is reversed and the cause remanded.

*Judgment reversed.*