# The Illinois Central Railroad Company

## *v.*

## Samuel Benton.

1. Negligence—*neglect to give signal on approaching a crossing by railroad company.* The statute only imposes a liability upon a railroad company for neglecting to ring a bell or sound a whistle as its train approaches a highway crossing, for injury resulting from that neglect of duty. Where it appears that the non-compliance with the statute did not result in injury, no cause of action will arise. The injury complained of must be the result of that neglect, either in whole or in part.

2. If the company are guilty of other negligence, and it is doubtful which produced the injury, or if both combined produced the injury, then the company will be liable, if the injured party is not also in default to such an extent as to relieve the company from liability.

3. Same—*question of fact whether neglect caused the injury.* Whether the failure to ring a bell or sound a whistle on approaching a highway crossing by a railroad train, as required by the statute, was the cause of an injury sustained, is a question of fact for the determination of the jury.

4. Same—*rule as to comparative.* The rule adhered to by this court is, that negligence in the plaintiff which may have contributed to the injury will not prevent a recovery, when it is slight and that of defendant is gross. An instruction that the jury may find for the plaintiff, unless his negligence was equal to or greater than that of defendant, is not the law, and therefore erroneous.

5. Same—*relative rights and duties of railroad company and traveler at highway crossings.* While it is true that the traveler has the same right to cross a railroad at its intersection with a highway that the railroad company has to cross the highway, yet each in so crossing is bound to use reasonable care and effort to avoid a collision or inflicting an injury on the other, or in receiving injury from the other. If a team can be checked on seeing the approach of a train more readily than the train, it should be so checked up; and it is also the duty of the person having it

in charge to use all reasonable efforts to see and avoid the danger. And the same duty devolves on those having charge of the train. Neither has the right to be upon the crossing at the same instant of time.

6. Highway—*what is evidence of its existence.* Where the evidence showed that a road intersected by a railroad was traveled by the public and had been worked and repaired by the authorities having charge of highways in that district, it was *held prima facie* evidence that it was a public highway, legally established, and sufficient to require a railroad company, when sued for injury caused by a neglect to ring a bell or sound a whistle when approaching the same, to show that it was not legally established, in order to excuse itself from liability for neglect of this duty.

7. Instruction—*should not be given except there is evidence upon which to base it.* Where there is no evidence of a certain state of fact, an instruction based upon the existence of such state of fact should not be given.

Appeal from the Circuit Court of LaSalle county; the Hon. Edwin S. Leland, Judge, presiding.

This was an action on the case, brought by Samuel Benton against the appellant, to recover damages sustained from a collision with appellant's train of cars, at a highway crossing. The facts of the case are stated in the opinion.

Messrs. Eldridge & Lewis, for the appellant.

Mr. R. D. McDonald, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It appears that about the first of January, 1871, the servant of appellee was driving a team of horses, attached to a wagon, along a road, near to and which crossed the railroad track of appellant. Appellee had sent his horses to a blacksmith shop to have them shod, after which the driver was directed to return with the wagon and team, by the way of the village of New Rutland, for the transaction of some business. In crossing the railroad, one of appellant's engines, with a train attached, struck the horses, threw them and the wagon into the ditch at one side of the road, killing one of the horses and injuring the wagon. The declaration was in case, and averred negligence in not slackening the speed of the train, and

176    I. C. R. R. Co. *v.* Benton.    [Sept. T.

Opinion of the Court.

in failing to ring a bell or sound a whistle at the road cross-ing, as required by the statute. A trial was had, resulting in a verdict and judgment against the company for the sum of $135.75, from which this appeal is prosecuted.

It is urged that the verdict is not sustained by the evidence, and that the court gave improper instructions, by which the jury were misled in their finding. The evidence shows that a bell was not rung or a whistle sounded, at the time of the accident. And it is urged that the evidence fails to show that the highway was laid out or otherwise legally established. The evidence shows that it was traveled by the public, and had been worked and repaired by the authorities having charge of the highways in that road district. This was *prima facie* evidence of the existence of a public highway, legally established. *Chicago and Alton Railroad* v. *Adler*, 56 Ill. 344.

To have overcome this evidence, appellant should have shown that the road had no legal existence. The evidence, uncontradicted, was sufficient to require them to show that appellant was not required to ring a bell or sound a whistle at this crossing.

Whether the failure to ring a bell or sound a whistle, as required by the statute, was the cause of the injury, was a question for determination by the jury. The statute only imposes liability for injuries resulting from that neglect of duty. And where it appears that the non-compliance with the statute did not result in injury, no such cause of action would arise because of the non-compliance with the statute. The injury must be the result of that neglect, either in whole or in part. If the company were guilty of other negligence, and it should be doubtful which produced the injury, or if both combined produced the injury, then the company would, no doubt, be liable, if the injured party was not in default to such an extent as to relieve the company from liability.

Both parties must employ all reasonable means to avoid the infliction of injury on each other, and to avoid receiving

it themselves. But when both are in fault, then plaintiff can not recover, unless his negligence is slight and that of defendant is gross. In this case, the servants of the company failed to give the signal on their approach to the highway. This the statute required them to do, and had declared that, failing to do so, they should be liable for all damages resulting from such neglect. But, on the other hand, appellee's driver was acquainted with the locality. He knew that the road was there ; that it approached the highway through a cut, as deep as the top of the cars, and yet he says he did not think about the railroad or the approach of the train, although he seems, as we understand the evidence, to have been meeting the train. He was not on the look-out, as he should have been. Although it is not clear, yet the probabilities seem to be that, had he been looking to learn whether a train was approaching, he would have seen it in time to have avoided the collision.

But, on the other hand, the train was approaching through a cut, above which only the smoke-stack could be seen. The train was running down grade, and the steam had been cut off and was not then being used. This, necessarily, made the approach of the train almost noiseless, and, being out of view, it would not attract attention, as it would have done had it been so that it could have been readily seen. The engine-driver must have known that he was approaching the road, and through this cut ; that as he was not using steam, persons who might be in the act of crossing the road would not be as likely to be apprised of its approach as had steam been used. There was less sound to attract the ear, and left the person passing to rely on his sight, when it was not, perhaps, easy to see the train approaching. This the engine-driver must have known, and hence he must have been apprised of the greater necessity of complying with the statute, by giving the required signal.

It is evident that both parties were guilty of negligence ; and it was for the jury, under proper instructions, to deter-

12—69th Ill.

mine, from all of the testimony, whether the negligence of the servant of appellee was slight and that of appellant was gross.

Were the instructions erroneous? The first of appellee's instructions asserted the proposition too broadly, by informing the jury that plaintiff had an equal right with the defendant to be at the crossing with his conveyance at the time of the collision. He had an equal right to cross the railroad that the company had to cross the highway; but in doing so each was bound to use reasonable care and effort to avoid receiving or inflicting injury, upon themselves or others. If a team could be brought to a stand more readily than the train, which all will concede, then the team should be checked up on seeing an approaching train; and it is the duty of the person having it in charge, to use all reasonable efforts to see and avoid the danger. And the same duty devolves on those having charge of the train. Neither has the right to be on the crossing at the same instant of time with the other, and this instruction seems to imply the plaintiff had that right. As we have repeatedly said, each party must be held to the use of all reasonable precautions and efforts to avoid receiving or inflicting injury. All know that such collisions are dangerous, both to the passengers and property of the company as well as persons traveling the highway and his property. The traveler on the highway, having the greater facilities for controlling his vehicle, should, on the approach of the heavier and more uncontrollable machinery, be expected to come to a stand rather than the train. Yet, if the engine-driver sees that, from any cause, a collision will occur unless he checks or stops his train, it is his unquestioned duty to do so, if within his power.

The plaintiff's seventh instruction was wrong in two particulars. First, as we understand the testimony, it does not show that appellee's servant was compelled to deviate from the line of the highway to find a suitable and convenient crossing over the railroad; and if we are correct, as to the

want of such evidence, there was nothing upon which to base that part of the instruction. But, be this as it may, the instruction is fatally defective in telling the jury that they could find for the plaintiff, unless his negligence was equal to or greater than that of defendants. Such is not the law. The rule announced and adhered to by this court is, that negligence which may have contributed to the injury will not prevent a recovery when it is slight as compared with the negligence of the defendant, or, more correctly stated, the negligence of the defendant must be gross and that of the plaintiff slight, when the negligence is compared. As the principal question in this case was, whether the negligence of the plaintiff's servant was slight and that of the servants of the defendant was gross, as compared with his, this instruction was well calculated to mislead the jury, and should not have been given.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*