INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY

v.

ALBERT WILLISCH.

TRESPASS—DAMAGES.—In an action against a railroad company for injuries, it is error to instruct the jury that the plaintiff may recover punitive damages, if the acts of the defendant were wanton or willful, without also including in such instruction the principle of contributory negligence on the part of the plaintiff.

APPEAL from the City Court of East St. Louis; the Hon. CHAS. P. WARE, Judge, presiding. Opinion filed April 7, 1881.

Mr. JOHN T. DYE, for appellant; as to the rule of comparative negligence, cited C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. & N. W. R. R. Co. v. Donahue, 75 Ill. 106; Commonwealth v. Boston, etc., R. R. Co. 101 Mass. 201; C. & N. W. R. R. Co. v. Hatch, 79 Ill. 137; Ill. Cent. R. R. Co. v. Benton, 69 Ill. 174.

Mr. WM. P. LAUNTZ, for appellee; that where substantial justice has been done, a new trial will not be granted, even though there may be error in the instructions, cited Hewitt v. Jones, 72 Ill. 218; Young v. Silkwood, 11 Ill. 36; Smith v. Shultz, 1 Scam. 491.

CASEY, J. This is an action on the case brought by appellee against appellant in the city court of East St. Louis for injuries to appellee because of the carelessness of the agents of defendant. To the declaration appellant pleaded the general issue. A trial was had before a jury, resulting in a verdict for appellee for the sum of two hundred and fifty dollars. A motion for a new trial was made by appellant, which was refused by the court, and the case is brought to this court by appeal. One of the errors assigned is that "The court erred in giving to the jury the second instruction asked by appellee.

That instruction is as follows: "The plaintiff in a claim of

I. & St. L. R. R. Co. v. Willisch.

trespass is entitled to recover such an amount of damages as will compensate him for the injury sustained, and if the acts of the defendant were wanton or willful, the jury may give punitive damages. The plaintiff is entitled to recover in an action of trespass if he has not been guilty of any negligence himself. The instruction entirely ignores this important principle."

In support of this instruction we are referred by counsel for appellee to the case of Jones v. Jones, 71 Ill. 562. In that case the doctrine of contributory negligence was not involved, and upon a careful examination of that case I am satisfied that the proofs and circumstances are so different from the case before us, that the same principle does not apply. In that case the trespasses were of such a character as to show beyond any contradiction that they were of the most wanton, willful, and vindictive character. The assaults were "excessive and brutal almost in the extreme;" and further on, the learned judge says: "He, the defendant, could not make use of his legal right to remove her from his premises, as a pretext to gratify his malice, and commit unnecessary injuries and indignities upon the person of appellee." Not so with the case at bar. It seems almost impossible for any one after reading and fairly considering the testimony, to say that the acts of appellant by its agents were willful or wanton. In fact, so far as the testimony shows, the actions and conduct of the parties, one was as careful as the other. The Supreme Court has very often held that each party must use reasonable precaution and efforts to avoid receiving and inflicting injury. The traveler on the highway, having the greater facilities for controlling his vehicle, should, on the approach of the heavier and more uncontrollable machinery, be expected to come to a stand rather than the train. Chicago & C. R. Co. v. Hatch, 79 Ill. 137 ; I. C. R. R. Co. v. Barton, 69 Ill. 174.

Objection is made to the first instruction given on the part of appellee, but it is not included in the assignment of errors, and will not be considered. We think that the jury were probably misled by the second instruction, and that it does not correctly state the law in such cases. Therefore the judgment of the court is reversed and the cause remanded.

Reversed and remanded.