JOHN J. BONNET ET AL., PARTNERS,
v.
HENRY O. GLADFELT.

*Contractors—Action for Labor and Material—Conflict of Evidence—
Question for Jury—Instructions—Trial—Witnesses—Discretion—Miscon-
duct of Juror.*

1.  Where the questions involved are mainly of fact and the evidence is
conflicting, this court will not interfere unless some substantial error has
intervened.

2.  In an action of assumpsit for labor and materials by a contractor who
had been displaced by the defendants before the completion of their build-
ing, it is *held:* That there was no error in allowing the plaintiff to refer
to a memorandum of items and charges taken from his books; that the
court properly refused to allow the cross-examination of a certain witness
to extend to a matter not covered by the examination in chief; that an ob-
jection calling for an expression of opinion by another witness was properly
sustained; that there was no abuse of discretion by the court in refusing the
application to recall a witness, after a day or more, to make an additional
statement in regard to a matter about which he was interrogated but could
give no definite reply when first examined; that there was no error in giv-
ing and refusing instructions; and that the charge of misconduct of a juror
is not sustained.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Adams County; the
Hon. JOHN H. WILLIAMS, Judge, presiding.

Messrs. ALMERON WHEAT and WILLIAM W. BERRY, for
appellants.

Messrs. CARTER & GOVERT, for appellee.

WALL, J.   This was an action of assumpsit by the appellee
against the appellants for labor and materials furnished in the
rebuilding of a certain foundry which had been partially de-
stroyed by fire.   The defendants filed pleas of non-assumpsit
and set-off on which there was issue.   The case was tried by

jury resulting in a verdict for the plaintiff for $511.95, and the court after refusing to grant a new trial rendered judgment accordingly.

It appears, from the evidence, that a written contract was entered into by which the appellee was to do the work according to certain specifications for $1,050 by the 10th of March, 1883, and that the architect, Tubbesing, should have power to supervise the work and accept or reject the same, and that his decision should be binding on both parties. The work progressed nearly to completion, and payments, amounting to some $500, had been made upon the certificates of the architect when the appellants took charge of the building, employed another man to finish it and appropriated the materials of the appellee, consisting of brick, mortar, etc., to his own use.

It was insisted by appellee that this action on the part of appellants was wholly without excuse, that he was ready and willing to carry out his contract, and, therefore, as he was prevented from so doing by appellants without fault on his part, he is entitled to recover the reasonable value of his labor and materials, including the value of the materials left by him and by appellants used in completing the work.

On the other hand the appellants insisted that he did not properly do the work and that the architect so informed him and refused to accept it, and that, after waiting a sufficient time for him to make such changes and amendments as were required by the architect, they did, as they lawfully might on that state of facts, resume possession and control of the property and cause the work to be finished, and that in so doing it became necessary to tear down and rebuild a part of the work done by him and by reason thereof and of the failure to have the work done by the time fixed in the contract they sustained damages larger in amount than the claim of the plaintiff.

The testimony was conflicting and voluminous and it was a fair question for the jury to determine whether the plaintiff had substantially complied with the contract and had been improperly prevented from completing it.

There was abundant proof to justify the plaintiff's view of

the case considering only that introduced by him while that of defendants considered alone would, as certainly, support their view. It follows that, unless the court committed some substantial error calculated to prejudice the appellants, we can not interfere.

It is urged that the court erred in not permitting the defendants to ask the witness Gentemann, on cross-examination, "whether all the defective parts of the west wall were taken down before he commenced to rebuild." This was not, strictly speaking, cross-examination, as the witness had not been examined on this point in chief; nor does it appear that he was possessed of the information necessary to answer the question, as he worked there only four or five days, and that after the first story was up. We can not say that there was error in this ruling.

Complaint is made that the plaintiff was permitted to refer to a memorandum, drawn from his books, to refresh his memory in regard to the amount due him for work and materials furnished. This memorandum consisted merely of the items and charges for each, for which he sought to recover. There was no error in allowing such reference. 1 Gr. Ev., Sec. 436 ; C. & A. R. R. Co. v. Adler, 56 Ill. 344.

The court refused to permit the witness Steinbach to be recalled to make an additional statement in regard to a matter about which he was interrogated, but could give no definite reply when he was first upon the stand, and of this ruling complaint is made. It was within the sound discretion of the court to allow or refuse the application and as some time, a day or more, had elapsed, it does not appear that there was any abuse of discretion.

It is also objected that the court sustained an objection to a question put to the witness Heidbreder. The question called for an expression of opinion as to what would be necessary, in order to rebuild the wall in a good and workmanlike manner. The witness had already stated the facts within his knowledge, as to the appearance and condition of the wall. He had stated that he had followed the business of brick-laying for twenty-five years. Whether his experience was such

as to enable him to pass an opinion upon the point involved he did not state, and there is nothing from which it could necessarily be inferred that he was competent to give the desired opinion. On turning to the record and reading the evidence of this witness, we are satisfied that he had, substantially, answered this question, and that there is but little, if any ground of complaint in this regard, even if it were conceded that he had shown himself an expert and competent as such to answer the question referred to.

There was no such error here as to justify a reversal of the judgment.

The action of the court in giving and refusing instructions is next urged upon our attention. We have carefully considered this point in the light of the somewhat elaborate arguments of counsel, and deem it necessary to say merely, that in our opinion the jury were fairly and fully instructed upon the issues to be tried. We find no improper instructions given for plaintiff, and we find no proper instructions asked by defendants refused or not sufficiently embodied in others which were given. The eighth was properly refused, because based upon an unsound construction of the contract.

It is urged finally, that the court erred in not setting aside the verdict because of improper conduct of one of the jurors in riding home from the court house one evening in the wagon of and along with the plaintiff. After a careful reading of the affidavits and counter-affidavits submitted upon this point we are satisfied that the court properly disposed of it. There was no reason to believe that the juror was influenced in his verdict by what occurred as disclosed by the affidavits. The whole case considered, it must be apparent that the controversy involves, mainly, questions of fact which were fully tried before the jury and upon which they have rendered their verdict. It does not appear that any substantial error has intervened or that another trial would bring a different result, nor can we see that any injustice has been done. The judgment is affirmed.

*Judgment affirmed.*