The Ohio & Mississippi Railway Company

v.

The People of the State of Illinois ex rel.

*Railroads   Crossings—Failure to Ring Bell at Crossing—Action* Qui Tam—*Pleading—Particularity Required.*

In a *qui tam* action brought against a railroad company to recover statutory penalties for failure of its employees to ring a bell or blow a whistle at a highway crossing, defendant filed a demurrer to the declaration on the grounds, first, that it did not state the direction in which the trains were being run; second, that it did not state whether

they were freight or passenger trains; third, that it did not state at what hour of the day the trains were propelled across the crossing, and fourth that it did not describe the highway by name, location or termini. This court holds that the first three grounds of demurrer were properly overruled, but that the fourth should have been sustained.

[Opinion filed September 9, 1892.]

APPEAL from the Circuit Court of Lawrence County; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

Mr. S. J. GEE, for appellee.

MR. JUSTICE PHILLIPS. This is a *qui tam* action commenced in the Lawrence Circuit Court by appellant, Vangilder, and a declaration filed containing two counts. In first count the averment is as follows :

" The plaintiff avers ·that the defendant, etc., the 15th day of May, 1891, was the owner of a railroad situated in part in said county, over which road at said time defendant propelled engines and cars; that said railroad crossed a public highway in said county; that on the day and year aforesaid the defendant propelled four engines with trains of cars attached thereto across said public highway without blowing a steam whistle or ringing a bell of thirty pounds weight at a distance of eighty rods from the place where said railroad crosses the said public highway, and while crossing the said highway, contrary to the statute made and provided, whereby an action hath accrued to the plaintiff to demand of the defendant the sum of $800, here in this suit. The second count is like the first except as to time alleged, and averring that two engines with trains were propelled, etc.; a special demurrer was filed, which alleged the declaration indefinite and uncertain in the following respects: First, it did not state the direction in which the trains were being run; second, nor whether they were freight or passenger trains; third, nor at what hours of the day or night they were so propelled across the crossing in question; fourth, nor describe

the highway by name, location or termini.   The demurrer was overruled by the court, and the defendant abiding by its demurrer, a judgment in chief was entered for the plaintiff, from which this appeal is prosecuted.

In Chicago & Alton R. R. Co. v. Howard, 38 Ill. 414, where a demurrer was interposed to a declaration like this it was said: "Under either count in the declaration appellee could have proved an omission to sound a whistle or ring a bell at any road crossing in the county of McLean.   It is a familiar rule that each pleading must be sufficiently certain to apprise the opposite party of what he is required to meet on the trial, and the court of the issue presented.   In this we think this declaration was fatally defective.   It should, by names, location, or by the termini of the various roads, have apprised appellants of the place where the offense was charged to have been committed.   Another reason for requiring at least this degree of certainty is, that if a suit should be again brought for either of the penalties claimed in the declaration, appellants would have the right to plead a former recovery.   If such a suit were brought we are at a loss to perceive how this judgment could be interposed at bar, inasmuch as the crossing at which any of these offenses are charged to have been committed is not specified by a description of the road or otherwise."   This declaration failing to aver the name, location or termini of any highway, is fatally defective, and for this reason it was error to overrule the demurrer.   It is further urged that the declaration is defective in failing to state the direction in which the trains were being run, and whether they were freight or passenger trains, and at what hour of the day or night the trains were propelled across the crossing.   It is not necessary as a matter of pleading to specify the train or direction or hour at which it passed across the crossing.   In C. & A. R. R. Co. v. Adler, 56 Ill. 344, it was said, "We perceive no force in the objection that the declaration does not specify the train whose engineer was guilty of a violation of the statute.   To require such particularity would render prosecutions of this character exceedingly difficult, and al-

most operate as a repeal of the statute. And it is believed to be a degree of particularity not required in any pleadings, either at law or in equity. It might be urged with equal force that the defendant's cattle, horses or other stock that have committed a trespass, should be identified and described in the declaration. Nor was proof of the numbers or description of the engines drawing the trains omitting to give the signals, materal to a right to recover." The first, second and third causes alleged in the special demurrer were properly overruled. For the error indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*