## Ohio & Mississippi Ry. Co. v. The People, etc.

1. *Pleading—Allegations of Time and Place.*—In an action against a railroad company, for violation of the statute requiring the engineer or fireman of any locomotive engine to ring a bell or sound a whistle before crossing a public highway, a declaration containing four counts, charging in substantially the same terms several violations of the statute, and stating the time of the violations as November 30, 1892, and the place, the intersection of defendant's road and the public highway at or near the southwest corner of section five, the southeast corner of section six, and the northeast corner of section seven, and the northwest corner of section eight, in township three, range thirteen west, in Lawrence County, is sufficiently certain, so far as allegations of time and place are concerned.

2. *Pleading—Sufficiency of Declaration—Debt on Penal Statute.*—In an action against a railroad company, for a violation of the statute requiring a bell to be rung or a whistle sounded before crossing a public highway, it is not necessary to allege in the declaration any description of the engine or train referred to, or to state whether it was a freight or passenger train, or at what time of the day or night the alleged train or

engine passed over the crossing in question, or in which direction it was running along the line of defendant's railway.

**Memorandum.**—Action for a statutory penalty. Appeal from the Circuit Court of Lawrence County; the Hon. CYRUS Z. LANDES, Circuit Judge, presiding. Heard in this court at the February term, 1893, and affirmed. Opinion filed September 8, 1893.

The statement of facts is contained in the opinion of the court.

POLLARD & WERNER, and A. J. LESTER, attorneys for appellant.

APPELLEES' BRIEF, S. J. GEE, ATTORNEY.

It is alleged that the declaration does not apprise defendant therein so that it could be defended against.

The precise form of this declaration was used and approved in the case of Galena & Chicago Union Ry. Co. v. Appleby, 28 Ill. 283, and a demurrer thereto overruled, and the trial court sustained.

All that can be required in this declaration is to follow the general rule of pleading: "As it is a rule of pleading that where a subject comprehends multiplicity of matter, and a great variety of facts there, in order to avoid prolixity, the law allows general pleading." Chitty on Pleading, 235; Kipp v. Bell, 86 Ill. 577.

A party in suit of this character is not required to plead with certainty to a particular intent; need he set forth in his declaration his evidence to sustain it? C., B. & Q. R. R. v. Sullivan, 21 Ill. App. 580; Eagle Packet Co. v. Defries, 94 Ill. 603.

Where particularity would lead to prolixity it is dispensed with, and a general form is allowed. Kipp v. Bell, 86 Ill. 577.

In declaring upon the statute, to describe the cause of action in the words of the statute is sufficient. Gebhart v. Adams, 23 Ill. 397.

OPINION OF THE COURT, SCOFIELD, J.

Appellee sued appellant in the Circuit Court of Lawrence

County, for violation of the statute requiring the engineer or fireman of every locomotive engine to ring a bell or sound a whistle before crossing a public highway. Appellant demurred to the amended declaration, and the court overruled the demurrer, whereupon the appellant elected to stand by its demurrer, and judgment was rendered in favor of appellee for fifty dollars and costs. The question thus presented for our consideration concerns the sufficiency of the declaration, which contains four counts, charging in substantially the same terms four several violations of the statute. The time of the violations, as stated in the counts, was November 30, 1892, the place was the intersection of appellant's road and a public highway at or near the southwest corner of section five, the southeast corner of section six, the northeast corner of section seven and the northwest corner of section eight, in township three, range thirteen west, in Lawrence County. Many grounds of demurrer were assigned, but only one of them is presented and insisted upon in the argument. It is urged that the "declaration is uncertain and insufficient in that it in no way describes the engines or trains referred to therein, not stating whether they were freight or passenger trains, at what time or times of the day or night the alleged engines or trains passed over the crossing in question, in which direction the said engines and trains were running along the line of defendant's railway, neither in any other way does it apprise the defendant of what it will be required to meet on the trial." It seems that a case between the same parties for a similar violation of the statute was before this court at the February term thereof, 1892, in which the objections as above set forth were raised by the railway company and were held by this court to be untenable. This holding is decisive of the question now presented unless our views have been modified since the filing of the opinion in that case.

We have carefully reconsidered the question, and find no reason for a modification of our former holding. The case of the C. & A. R. R. Co. v. Howard, 38 Ill. 414, which is

relied upon by appellant as "full authority" for its contention in this case, holds no more than that the intersection of the railroad and public highway should be more particularly designated than by a mere statement that it was somewhere within the county. The exact point of the intersection of the railroad and public highway is set forth in the declaration before us, and the Howard case is not authority in support of the proposition that the pleader should state the nature of the train, the direction in which it was running, and the hour of the day or night in which it passed the crossing. "To require such particularity would render prosecution of this character exceedingly difficult, and almost operate as a repeal of the statute." C. & A. R. R. Co. v. Adler, 56 Ill. 344. A case in point is St. L., J. & C. R. R. Co. v. Kilpatrick, 61 Ill. 457, in which the ground of action was, that the railroad company opened the close in which the plaintiff's horse was confined, whereby the horse escaped, went upon the company's track and was killed by one of its trains. A demurrer to the declaration having been overruled, and the company having elected to stand by its demurrer, Kilpatrick's damages were assessed and judgment was rendered in his favor therefor. The Supreme Court in affirming the judgment, say: "The principal cause of demurrer appears to be the supposed want of an allegation of time and place, when and where the injury was committed. We think a fair reading of the count affords no room for this objection. All of the acts complained of, are referred to the first day of December, 1887, on which day the railroad was being operated by the employes of defendant, and the place is distinctly averred to be at the county aforesaid. "In the declaration before us, all of the omissions of duty complained of, are referred to the 30th day of November, 1892, and the place, under the ruling in the Howard case, is particularly given."

The judgment of the Circuit Court will be affirmed.