## THE OHIO AND MISSISSIPPI RAILWAY COMPANY

*v.*

## THE PEOPLE *ex rel.* Wallace Van Gilder.

*Filed at Mt. Vernon April 2, 1894.*

1. PLEADING — *special demurrer.* Although a declaration may be good in substance, yet if technically defective it will be error to overrule a special demurrer to it for such formal defects.

2. SAME—*certainty in statement of facts.* A general statement of facts which admits of almost any proof to sustain it, is objectionable. The pleading must set forth the facts with certainty, by which term is signified a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegation, and by the court who is to give judgment.

3. SAME—*declaration—failure of railway to give signals on approaching highway crossings.* A declaration in an action against a railway company to recover the penalty for a failure or neglect to ring a bell or sound a whistle for a distance of at least eighty rods from the place where the railroad crosses or intersects a public highway, is subject to special demurrer if it in no way describes the engines or trains

referred to therein, and fails to show whether they were freight or passenger trains, and the time the alleged engines or trains passed over the crossing in question, or in which direction the said engines and trains were running along the defendant's railway.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Lawrence county; the Hon. S. Z. Landes, Judge, presiding.

This was an action of debt, brought in the name of the People, for the use of Wallace Van Gilder, against the Ohio and Mississippi Railway Company, to recover a penalty for an alleged violation of section 68, chapter 114, of the statute, which provides that "every railroad corporation shall cause a bell of at least thirty pounds weight, and a steam whistle, placed and kept on each locomotive engine, and shall cause the same to be rung or whistled by the engineer or fireman at the distance of at least eighty rods from the place where the railroad crosses or intersects any public highway, and shall keep ringing or whistling until such highway is reached."

The amended declaration contained four counts for four separate violations of the statute. They are all substantially alike and contain the following averments:

"The plaintiff avers that the defendant, on the 30th day of November, A. D. 1892, was the owner of a railroad situate in part in said Lawrence county, over which railroad, at said time, defendant propelled engine and cars by said agents and servants; that said railroad crossed a public highway in said Lawrence county within Christy township, and situate and running north and south between sections 5 and 6, and between sections 7 and 8, in township 3, range 13, west, in said Lawrence county, and the said railroad of defendants crosses said public highway at a point near about where the aforesaid four sections corner, being at or near the south-west corner of said section 5, the south-east corner of section 6, the north-east corner of section 7, and the north-west corner of section 8 aforesaid; that the plaintiff knows of no particular

name applicable to said public highway other than the aforesaid location thereof; that on the day and year aforesaid the defendant, by its servants, agents and employes, propelled a certain engine, with a certain train of cars attached thereto, across said public highway, located as aforesaid, without blowing a steam whistle or ringing a bell of thirty pounds weight at a distance of eighty rods from the place where said railroad crosses said public highway and until said public highway was reached, contrary to the statute in such case made and provided, whereby an action hath accrued to demand of defendant in the sum of $200."

To the declaration the defendant interposed a special demurrer, and assigned as grounds of demurrer the following: "First, the said declaration is uncertain and insufficient, in that it in no way describes the engines or trains referred to therein, not stating whether they were freight or passenger trains, at what time or times of the day or night the alleged engines or trains passed over the crossing in question, or in which directions the said engines and trains were running along the line of defendant's railway; neither in any other way does it apprise the defendant of what it will be required to meet at the trial." The court overruled the demurrer, and the defendant electing to abide by the demurrer, judgment was rendered against it for $50, which, on appeal, was affirmed in the Appellate Court.

Messrs. Pollard & Werner, and Mr. A. J. Lester, for the appellant.

Messrs. Gee & Barnes, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

It will be observed that the demurrer in this case was special, and while the declaration may be good in substance, yet, under the rules of pleading, if it was technically defective the judgment overruling the demurrer was erroneous. Here it

is averred that the defendant, on a certain day, propelled a certain engine, with a certain train of cars attached thereto, across said public highway. What time in the day this occurred, in what direction the train was running, or whether it was a freight or passenger train, is not disclosed by the declaration. Suppose twenty or thirty trains cross this highway in different directions every day; how could the defendant know, from the averments of the declaration, which one of the trains plaintiff would attempt to prove had violated the law? And if it could not ascertain this fact from the averments of the declaration, how could the company be prepared with evidence to meet the charge made in the declaration? Chitty on Pleading (vol. 1, page 232,) says: "A general statement of facts which admits of almost any proof to sustain it, is objectionable. * * * (The principal rule as to the mode of stating the facts is, that they must be set forth with certainty, by which term is signified a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who are to give judgment." \ In *Cook* v. *Scott*, 1 Gilm. 333, this court held: "The province of the declaration is to exhibit upon the record the grounds of the plaintiff's cause of action, as well for the purpose of notifying the defendant of the precise character of those grounds as of regulating his own proofs." The averments in plaintiff's declaration did not conform to the rule indicated. The plaintiff knew when this action was instituted what kind of a train had violated the statute, the direction it was running, and about the hour it crossed the highway, and it is imposing no hardship whatever upon a plaintiff to require those facts to be averred in the declaration, so that the defendant may come prepared to meet them.

*Chicago and Alton Railroad Co.* v. *Howard*, 38 Ill. 416, is a case in point. There, as here, an action was brought to re-

cover a penalty for the violation of the section of the statute heretofore set out. The defendant demurred to the declaration, on the ground that the declaration was uncertain in respect to the description of the highway in reference to which the offense was alleged to have been committed. The trial court overruled the demurrer, and on appeal the ruling was held to be erroneous. In the decision of the case it is there said: "Under either count in the declaration appellee could have proved an omission to sound the whistle or ring a bell at any road crossing in the county of McLean. It is a familiar rule that each pleading must be sufficiently certain to apprise the opposite party of what he is required to meet on the trial, and the court of the issue presented. In this we think this declaration was fatally defective. It should by name, location, or by the *termini* of the various roads, have apprised appellants of the place where the offense was charged to have been committed." The same reasoning which applies to the averments in respect to the crossing, also applies to the averments of this declaration in regard to the character of the train, the direction it was running, and the time it crossed the highway.

In *Chicago and Alton Railroad Co.* v. *Adler*, 56 Ill. 344, what is said in the opinion seems to sustain the declaration in this case. But in that case no special demurrer had been filed to the declaration, and the question here involved did not arise on the record, and what was said can not control here.

We think the declaration was defective, and the court erred in overruling the demurrer. The judgments of the Appellate and circuit courts will be reversed, and the cause remanded.

*Judgment reversed.*