## Toledo, Peoria and Warsaw Railway Company

*v.*

## Archibald Riley.

1. Negligence — *plaintiff's negligence must not concur.* In an action to recover damages for injuries caused by the alleged negligence or misconduct of another, if it appears that the plaintiff was alone in fault, or both parties equally guilty of negligence in producing the injury, the plaintiff can not recover.

Appeal from the Circuit Court of Peoria county; the Hon. Edwin S. Leland, Judge, presiding.

This was an action on the case, brought by the appellee, against the appellants, in the Circuit Court of Peoria county, to recover damages for alleged injuries sustained by appellee, while attempting to cross the track of appellants, from a collision with one of its trains. The cause was tried before a jury, who found a verdict for the plaintiff for $760.00. A motion for a new trial was overruled, and judgment rendered on the verdict, to reverse which, the case is brought by appeal to this court. The facts necessary to an understanding of the case are stated in the opinion.

Messrs. Ingersoll & McCune and Mr. S. D. Puterbaugh, for the appellants.

Messrs. O'Brien & Wells, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The only negligence attributable in this case to the railway, is the failure to ring the bell, or sound the whistle, for the required time, about which the evidence is contradictory. But assuming the bell was not rung, nor the whistle sounded,

the question recurs, whether the plaintiff was not himself guilty of a degree of negligence which should bar his recovery, and, on that point, we are of opinion the case should be submitted to another jury.

The plaintiff had been to Peoria, with a load of wood, and was returning home, in the afternoon. By his own statement, he had been drinking somewhat freely of whisky, and the testimony of other witnesses shows he was in such a condition that he paid no attention to the shouting of two persons, only ten or twelve steps from him, just before he crossed the track. The evidence further shows that the railroad track was in full view as he approached it, a train being visible 1,145 feet from the crossing, by a person on the highway 84 feet from the track, and from a point on the highway ten feet from the track, a train being visible nine hundred feet from the crossing. It is evident then, that the plaintiff, by the exercise of even less than ordinary prudence, might have discovered and avoided the approaching train. He did not do this, but either in a state of partial stupefaction from drink, or acting with a reckless temerity utterly inexcusable, he undertakes to cross, with the train in full view if he had but looked along the track, thus wantonly imperiling not only his own life, but that of the passengers on the train. While the highway traveler can not be required to leave his vehicle, or adopt any other unusual means to discover an approaching train, he can not be permitted to voluntarily close his eyes to danger, or to rush into it with utter recklessness, and then claim compensation for injury.

No exception is taken to the instructions, but the jury, in our opinion, disregarded them, and there should be a new trial.

*Judgment reversed.*