## St. Louis, Alton and Terre Haute Railroad Company

### v.

### Michael Pflugmacher, Adm'r.

1. RAILROADS—SOUNDING WHISTLE.—An instruction that if the jury find that the defendant neglected to sound the whistle or neglected to ring the bell, etc., then this is evidence of gross negligence is erroneous, as the jury may have inferred that both requirements were necessary, whereas the statute requires only one.

2. INSTRUCTIONS.—An instruction which assumes to be a complete statement of the facts, must state all the facts fully, and where there is evidence tending to prove a fact having an important bearing upon the law of the case, even though strongly contradicted, it is erroneous to ignore such evidence in an instruction.

3. NEGLIGENCE A FACT FOR THE JURY.—It is error to direct the jury as to what constitutes gross and slight negligence. This is a fact for the jury to find.

4. DUTY OF PERSON CROSSING TRACK.—It is incumbent upon a person approaching a railway crossing, to exercise care and caution by looking and listening for approaching trains; it is his imperative duty to do so, and a failure in that respect is regarded as unusual negligence.

APPEAL from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed October 6, 1881.

Mr. C. F. NOETLING and Mr. R. A. HALBERT, for appellant; that a person approaching a crossing should stop and look for approaching trains, cited St. L. A. & T. H. R. R. Co. v. Man-

St. L. A. & T. H. R. R. Co. v. Pflugmacher.

ly, 58 Ill. 300; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. & N. W. R. R. Co. v. Hatch, 79 Ill. 137; T. W. & W. R'y Co. v. Jones, 76 Ill. 311; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. B. & Q. R. R. Co. v. Damarell, 81 Ill. 450; C. & R. I. R. R. Co. v. McKean, 40 Ill. 218; C. &. A. R. R. Co. v. Jacobs, 63 Ill. 178; R. R. Co. v. Houston, 5 Otto, 702.

No action lies where the plaintiff is injured by want of ordinary care on his part, unless the injury was willful on the part of the defendant: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272.

The statute requires only the sounding of a whistle, or ringing of the bell, not both: P. P. & J. R. R. Co. v. Siltman, 67 Ill. 72; Ill. Cent. R. R. Co. v. Benton, 69 Ill. 174.

An instruction assuming to make a complete statement of the case must state all the facts: St. L. & S. E. R. R. Co. v. Britz, 72 Ill. 256; Chi. P. & P. Co. v. Tilton, 87 Ill. 547; Sinclair v. Bernt, 87 Ill. 174.

Instructions should confine the damages to such as the evidence proves: Freeport v. Isbell, 83 Ill. 440.

Negligence is a matter of fact for the jury, under all the evidence in the case: Schmidt v. C. & N. W. R'y Co. 83 Ill. 405; G. & C. U. R. R. Co. v. Dill, 22 Ill. 265.

Mr. EDWARD L. THOMAS and Messrs. HAY & KNISPEL, for appellee; generally upon a right to recover, cited I. & St. L. R. R. Co. v. Orle, 92 Ill. 361; P. P. & J. R. R. Co. v. Siltman, 88 Ill. 532; I. & St. L. R. R. Co. v. Stables, 62 Ill. 313; C. B. & Q. R. R. Co. v. Triplett, 38 Ill. 482; T. W. &. W. R. R. Co. v. O'Connor, 77 Ill. 391.

It was negligence in the company to permit bushes to grow upon its right-of-way so as to obstruct the view of the highway: I & St. L. R. R. Co. v. Smith, 78 Ill. 112.

Negligence, when it consists in the omission of a duty imposed by positive requirement of law, is a question of law: Stratton v. C. C. Ry. Co. 95 Ill. 25; T. P. & W. R. R. Co. v. Foster, 43 Ill. 480; Ill. Cent. R. R. Co. v. Whalen, 42 Ill. 396; C. & A. R. R. Co. v. Elmore, 67 Ill. 176; Ill. Cent. R. R. Co. v. Gillis, 68 Ill. 317; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; O. & M. R. R. Co. v. Foster, 92 Ill. 440.

The court should direct the jury as to the law on the facts which the evidence tends to establish: Mitchell v. Fond du Lac, 61 Ill. 174.

Casey, P. J. Appellee sued appellant in an action on the case. The cause was submitted to a jury and a verdict rendered in favor of appellee. The case is brought to this court by appeal, and one of the errors assigned is that the court gave improper instructions for the plaintiff. The first instruction is as follows: " If the jury believe from the evidence that the defendant neglected to sound the whistle or neglected to ring the bell, for at least 80 rods from the crossing where the accident happened, and if it rang the bell, it had not done so almost, if not quite, continuously, then this is evidence of gross negligence on the part of defendant." This instruction is erroneous and should not have been given. From it the jury doubtless inferred that the appellant must have sounded the whistle and rang the bell at the same time. The statute requires that appellant should sound the whistle or ring the bell at such a crossing. Either sounding the whistle or ringing the bell was a compliance with the statute. I. C. R. R. Co. v. Burton, 69 Ill. 174.

The sixth instruction for appellee is as follows: " The court instructs the jury, that if they believe from the evidence that Joseph Pflugmacher, while attempting to cross the track of the defendant with his team, at a regular crossing, was struck by an approaching train and killed, and that the company allowed the sight along the track to be obstructed by weeds, brush, trees or other obstructions upon its right-of-way, and that the defendant failed to blow the locomotive whistle or ring the bell on the train approaching the crossing, until it was too late to avail, and that the train was behind time and running at an unusual speed to make up time, then the negligence of the company was gross, and even if the deceased was guilty of negligence himself in failing to listen or look out for the train out of time, such negligence was slight, and the jury must find the defendant guilty, and assess the damages at a sum not exceeding $5,000."

St. L. A. & T. H. R. R. Co. v. Pflugmacher.

This instruction assumes to be a complete statement of the facts, and without any doubt, had a controlling influence in the considerations of the jury.    An instruction of this character must state the facts fully.    Two of the witnesses for appellant, to wit: Killen and Moehlman, testified that the deceased did see the train before he arrived at the crossing, and whipped up his mules and tried to get across the track before the train came up.    The statements of these witnesses was entirely ignored by the instruction, and the jury probably failed to consider them.    St. L. & S. E. R. W. Co. v. Britz, 72 Ill. 260; Surdair v. Bunt, 87 Ill 174.

Where there is evidence tending to prove a fact, having an important bearing upon the law of the case, even though strongly contradicted, an instruction is erroneous which ignores the existence of such fact, taking it from the consideration of the jury.    Chicago Pkg. & Prov. Co. v. Tilton, 87 Ill. 547.

The instruction is also erroneous, because by it the jury were directed as to what constituted gross negligence, and what slight negligence.    That is a matter of fact for the jury to find.    It is for the jury to say whether the running of a train of cars in a city at a greater speed than that allowed by ordinance, together with other facts, was gross negligence, and whether the negligence of one killed by the train, was slight in comparison.    Schmidt v. C. & N. W. R. Co. 83 Ill. 406. In the same case the Supreme Court said, that the train was running at nearly double the rate of speed allowed by the city; that no bell was ringing or whistle sounding, nor a flagman there to warn persons not to pass.    This manifestly made a case for the jury to compare the negligence of both parties, and say, whether, when so compared that of deceased was slight and that of the railroad gross.    It was for the jury to find these facts, and they should have been properly instructed.

The question of negligence is one of fact, which must be left to the determination of the jury.    It depends, to a great extent, on the surrounding circumstances in each case.    The jury must determine, from the situation of the parties and all the circumstances in proof, whether any and what negligence

there has been either by the plaintiff or defendant. Galena & Chicago Union R. R. v. Dill, 22 Ill. 270. The fact that the train was behind time did not relieve the deceased from exercising due care and caution. T. W. & W. R. R. Co. v. Jones, 76 Ill. 315. It is incumbent upon a person approaching a railway crossing to exercise care and caution, by looking and listening for any train that may be approaching, so as to prevent the danger of a collision. It is his imperative duty to do so, and a failure in that respect is regarded as unusual negligence. C. & A. R. R. v. Jacobs, 76 Ill. 315; St. L. A. & T. H. R. R. v. Manly, 58 Ill. 308; T. P. & W. R. R. Co. v. Riley, 47 Ill. 514; Beiseegel v. N. Y. C. 40 N. Y. 9; The North Tenn. R. Co. v. Heiliman, 49 Tenn. 60. From these authorities it will be seen that the first and sixth instructions are clearly erroneous, and for that reason the judgment of the circuit court must be reversed and the cause remanded.

Reversed and remanded.