St. L., I. M. & S. Ry. v. Wilkerson.

## St. L., I. M. & S. Ry. v. Wilkerson.

1. RAILROADS: *Negligence. Contributory negligence.*

If the employes on a railroad train see a person on the track far enough ahead of the train to get out of the way, and are not aware that he he is deaf, or insane, or from some other cause insensible of the danger, or unable to get out of the way, they have a right to presume that he will do so, and to go on without checking the speed of the train until they see that he will not do so, when they must give extra alarm by bell or whistle, and if that be not heeded they must stop, if possible, in time to avoid injury to him. But if they know, or have reason from his appearance to believe, that from insanity, drunkenness or other cause he is insensible of the danger, or unable to avoid it, they must presume that he might not, and must use proper care to avoid injuring him, or the company will be liable for the consequences.

APPEAL from *Lonoke* Circuit Court.

Hon. F. T. VAUGHAN, Circuit Judge.

*Dodge & Johnson*, for appellant.

From the facts of this case it will be seen that the entire defense was based upon an utter absence of negligence on the part of defendant's servants, and upon the contributory negligence of the deceased, J. C. Lee. The acts of the deceased were not simply *carelessness*, but they amounted to recklessness and an utter indifference to his own personal safety, which, in any sane person, was inexcusable.

Not only was the deceased a trespasser upon defendant's track, but he was hard of hearing, and at the time of the accident "slightly intoxicated." Yet, in this condition, he deliberately walked upon a railroad track, and continued to walk in front of an approaching train, and then turns and looks at the train, and at last, as the train is nearly upon him, attempts to step from the track, but

33–46

staggers or slips, and while in the very act of leaving the track is struck and killed. Such are the facts. Is not that negligence—yea, recklessness—of the most clear and palpable kind?

All the law writers tell us that contributory negligence, "in its legal signification, is such an act or omission on the part of the plaintiff amounting to a want of ordinary care, as concurring or co-operating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of." To constitute contributory negligence, there must be a want of ordinary care on the part of plaintiff, and a proximate connection between that and the injury. Did the plaintiff exercise ordinary care under the circumstances? Was there there a proximate connection between his act or omission, and the hurt he complains of? These are the vital questions where contributory negligence is the issue.

And it is a general rule, firmly imbedded in the law, and conclusively settled in this state, as elsewhere, that such negligence will defeat a recovery.

Says Black, C. J., in *R. R. Co. v. Aspell, 23 Pa. St., 147:* "It has been a rule of law from time immemorial, and it is not likely to be changed in all time to come, that there can be no recovery for an injury caused by the mutual default of both parties. When it can be shown that it would not have happened except for the culpable negligence of the party injured concurring with that of the other party, *no action can be maintained.*" *Butterfield v. Forester, 11 East., 60; R. R. Co. v. Ledbetter, adm., 45 Ark. (MS); R. R. Co. v. Marker, 41 ib., 549; R. R. Co. v. Miles, 41 ib., 321–2; R. R. Co. v. Pankhurst, 36 ib., 377; R. R Co. v. Freeman, 36 ib., 50–1; Murphy v. Deane, 101 Mass., 462–6; R. R. v. Goodman, 62 Pa. St., 338; Kline v. R. R., 37 Cal., 400; R. R. v. Jones, 95 U. S., 439; 19 Ga., 442–7; 36 Ark., 46; ib.,*

*377; 81 Penn. St., 366; 24 ib., 468; 87 Ill., 532;* see, also, *R. R. v. Ledbetter, 45 Ark.*

And where this rule prevails, only such aggravated negligence as amounts to *intentional mischief* on the part of the railway will render it liable in the event of an injury to a trespasser. *Morrissy v. R. R., 126 Mass., 380; Nicholson v. R. R., 41 N. Y., 541-3; Mason v. R. R., 27 Kan., 89; R. R. v. Wolf, 59 Ind., 92; R. R. v. Eaton, 53 ib., 310; Carroll v. R. R., 13 Minn., 34-7; Donaldson v. R. R., 21 ib., 296-7; R. R. v. Pankhurst, 36 Ark., 377; R. R. v. Ledbetter, adm., 45 Ark.; R. R. v. Freeman, 36 ib., 50-1; R. R. v. Houston, 95 U. S., 697; Finleyson v. R. R., 1 Dill., 579.*

As a general rule a trespasser on the track is held to be there at his peril. He must keep himself informed of the approach of trains from every direction, and in case of injury will be held guilty of such contributory negligence that he cannot recover from the railway company, notwithstanding concurrent negligence on its part. *Feuenbeck v. R. R., 59 Cal., 269; State v. R. R., 58 Md., 484-90; Meek v. R. R., 38 Ohio St., 638; Lenox v. R. R., 76 Mo., 90; Horner v. R. R., 61 Tex., 505; Rothe v. R. R., 21 Wis., 256; Lardner v. R. R., 28 La. An., 321; Culver v. R. R., 37 Iowa, 323-4; Poole v. R. R., 8 Jones (Law), 341; Austin v. R. R., 91 Ill., 36.*

A railway company is not liable for a failure on the part of its employes to stop the train on seeing a person walking upon the track, even though there is time enough to do so, provided the proper signals of warning are given. The company may presume that the trespasser is in full possession of his senses, and that he will appreciate his danger and act with discretion. *R. R. v. Madglin, 85 Ill., 483; Holmes v. R. R., 37 Ga., 596; Traber v. R. R., 64 Mo., 274; Frick v. R. R., 39 Md., 576-81; R. R. v. Graham, 95 Ind., 288-9; R. R. v. Miller, 25 Mich., 277-9.*

It has become a recognized rule of law in this class of cases, that " a person who had no lawful right to be upon a railway track, car, or any other vehicle, and is there without the consent of the carrier, cannot recover damages for anything short of *gross negligence* on the part of the carrier, occurring after the latter has had notice of such person's presence there." *Shearman & Redfield on Negligence, sec. 264; Duff v. Ry. Co., 2 A. & E. R. R. Cases, 3; Cauley v. Ry. Co., 2 ib., 6; Gardner v. Ry. Co., 18 ib , 171.*

And while it may be stated as a general rule of law, that the mere fact of a man being a tresspasser does not deprive him of all rights, nevertheless, the railway company, upon whose property he is trespassing, are not of course bound to exercise any care or diligence for his safety. This would be unreasonable, since the company has the right to suppose that no one will trespass on their cars or track. But the railway company is most unquestionably responsible for any *intentional* or *wanton* injury done such trespasser. *McCarty v. R. R., 17 Hun., 75; R. R. v. Sinclair, 62 Ind., 304, 307; Gills v. R. R , 59 Pa. St., 143; R. R. v. Collins, 87 Pa. St., 407; R. R. v. Hall, 72 Ill., 223; 22 Ill., 633; 125 Mass., 79; 10 Allen, 363; 100 Mass , 208; 126 ib., 380; 12 A. & E. R. Cases, 80; 8 ib., 547; 4 ib., 536; Thomp. on Neg., p. 449, etc.; 21 Minn.; 49 Ind., 93.*

*Thompson on Neg., p. 1155, sec. 7*, lays down the correct rule: " That the question of negligence is ordinarily for the jury, yet, where there is *no* evidence that the injury was *willfully, wantonly* or *intentionally* inflicted by the defendant, and the uncontradicted facts of the case *show* contributory negligence on the part of the plaintiff, it is proper for the court to rule as a matters of law, that the plaintiff cannot recover." See, *36 Ark., 46; ib., 50; ib., 376; 40 ib., 322; 41 ib., 549; 83 Mass., 190.*

As to the rule in cases of physical infirmities, etc., see *Beach on Cont. Neg.*, secs., *146, 147, 66; 115 Mass., 200; 18 N. Y., 423; 111 U. S., 228; 71 Mo., 489–92; 84 Pa. St., 228–9; 72 Mo., 169–71; R. R. v. Ledbetter, 45 Ark.*

*Sam. W. Williams*, with whom are *Sol. F. Clark* and *Wm. J. Duval*, for appellees.

The duty of outlook where a highway runs or crosses a railway track; in short, in all places where it may be expected that people may be, is too well established to admit of dispute. *Indianapolis & St. Louis Railroad Co. v. Stout, 53 Indiana, 143; Texas & Pacific Railroad v. Chapman, 57 Texas, 75; Kelly v. St. Paul, Minneapolis & Manitoba Ry. Co., 29 Minn., 1; Farley v. C. R. I. & P. R. Co., 16 Iowa, 337; Brown v. New York Central Railroad Co., 32 N. Y., 597; Butler v. M. & St. P. R. Co., 28 Wis., 487; McGovern v. N. Y. C. & H. R. R. R. Co., 67 N. Y., 417; French v. Tolliston Branch R. R. Co., 116 Mass., 537.*

See especially as to duty of outlook the case of *Railroad v. White, 5 B. J. Lea (Tenn.), 540.*

We ask, also, special consideration of the case in *69 N. Y.*, where it is held that the rule requiring persons before crossing a railroad track to look, etc., is not applied inflexibly in all cases without regard to age or other circumstances.

*Richardson v. New York Central Railroad Co., 45 N. Y., 846.* This case incidentally establishes the duty of outlook, by holding the company liable where it has constructed its road so trains could not be seen. It also establishes that sounding whistle and ringing the bell is not the whole duty of the company, and will not excuse it when its trains are hidden. See, also, *Memphis & Little Rock Railroad v. Sanders et al., 43 Ark., 227.* We especially call at-

tention to the part of the decision at the bottom of that page, where this court decides that it was a question for the jury whether or not the custom, attempted to be proved here, of persons being on the track, excuses neglect to heed warning. See *36 Ark., page 50.* See, also, *Little Rock & Fort Smith Railway Co. v. Finley, 37 Ark , 563; Little Rock & Fort Smith Railway Co. v. Jones, 41 Ark., 160.* Also, *40 Ark., 338; 1 Thomp. on Negl., secs. 448-9; 47 Ill., 298; 67 N. Y., 417.*

Notwithstanding the assertion of the railroad writer, *Mr. Wood, at page 1303, 1304, section 323, of volume 2,* of his work on railways, that such contributory negligence is a question of law, and only in exceptional cases is a question of fact for the jury, in which assertion he cites no authority except to sustain what he calls the exception, we undertake to say and prove that the cases are rare and decidedly exceptional where contributory negligence is not a question for the jury, and not one of law for the court.

Says *Mr. Lacy,* in his *Digest of Railway Decisions,* at *page 462, section 170,* "When it is for the court to decide." Negligence is, in all instances, a question of fact, and it is only where a question of fact is entirely free from doubt that the court has the right to apply the law without the action of the jury. He cites *Bernherdt v. Renssellaer & Saratoga Railroad Co., 32 Barbour (N. Y.), 165; Same v. Same, 18 Howard's Practice (N. Y), 427; 19 ib., 190, 23; ib., 166; Central Railroad Company v. Moore, 4 Zabriskie (N. J.), 824.* And we cite on this point, *Kellogg v. New York Central, 79 New York, 72; Stackus v. New York Central, 79 New York, 464; Smeedis v. Brocklin, etc., Railroad Co., 88 N. Y., 13; Wolfkiel v. Sixth Avenue Railroad Co., 38 N. Y., 49; 79 N. Y., 464.*

Let us admit, which we do, that Lee was a trespasser and was guilty of contributory negligence, and let us

admit that all the appellant claims in that regard is true; did that license them to kill him? This case brings up another principle; as a fact, did appellant's servants know that plaintiff was in a place of danger in time to have saved him, and did they, after discovering his danger, use proper caution and care? If they did not, then the company is liable, however gross the neglect of Lee may have been; otherwise we must hold that a trespasser forfeits his life if the employes of the appellant choose to take it, and everyone who sets foot upon a railroad track holds his life, not as a legal right, but at the mercy and forbearance of railroad employes. *Whart. on Negl.*, sec. *335; ib , 334; Sh. & Redf. on Neg.*, sec. *493*.

The first instruction properly given. It is law. *43 Ark.*, *227*. If the appellant, knowing Lee's danger, produced by his own neglect, in time to save him, negligently killed him, it is liable. *Cases supra.* It was a question for the jury, and they have found by their verdict that deceased was killed by the negligence of appellant, after being aware of his danger in ample time to save him.

BATTLE, J. On the 17th day of May, 1883, J. C. Lee was killed by a train of appellant. His daughter and sole heir, Mary Wilkerson, brought this action for damages, which she claims she suffered by reason of his death.

There was some evidence, introduced on the trial, tending to show that J. C. Lee was, on or about the 17th day of May, 1883, walking on the track of the defendant, the St. Louis, Iron Mountain & Southern Railway Company, south of Little Rock; that while there a train of defendant ran, approaching him in the same direction he was walking, at the rate of fifteen miles an hour; that he was seen by the fireman of the train about one-half mile ahead, before the train reached him; that at the time he was first

seen he was staggering and had the appearance of being very drunk, and was walking on or near a trestle of the road, which was one hundred feet long and twelve or fifteen feet high; and that the train ran against him while on the trestle and killed him, without giving him any warning save the ringing of a bell a short time before the train struck him.

Appellant concedes that the evidence shows that plaintiff, Mary Wilkerson, was Lee's daughter and sole heir; that he was a widower, about fifty years old, and sometimes became intoxicated.

Many instructions were given by the court to the jury. Among them was one given at the request of plaintiff, over the objection of defendant, in the words following:

"The plaintiff moves the court to instruct the jury that if they believe from the evidence the employes of the defendant railroad, on the 17th day of May, 1883, discovered that J. C. Lee was upon the track of said railroad in a position where, by reason of the nature of the track at that place, or by reason of Lee's condition, or both, it was not reasonable to suppose that he would or could get off the track in time to have saved himself, then it was their duty to use all reasonable appliances, if in their power, to save his life. And if the jury believe from the evidence that they had it in their power so to do, and that they negligently failed to use such reasonable appliances, whereby said Lee was killed, they must find for plaintiff, although they may find that he was guilty of contributory negligence in placing himself in such position."

The jury were required, at the request of plaintiff and defendant, to make certain special findings, and they returned the same as follows:    To plaintiff's interrogatories they answered as follows:

St. L., I. M. & S. Ry. v. Wilkerson.

*First*—Did the fireman see Lee upon the the track staggering when the train passed around the curve?

*Answer*—Yes.

*Second*—Was the manner and conduct of deceased, when first seen and up to the time he was struck, such as to lead a reasonable person to believe that he could not or would not escape from danger?

*Answer*—Yes.

*Third*—Was there anything in the condition of the deceased, Lee, apparent to the observation of those upon the train, or anything in the condition of the track where Lee was walking, which should have led a reasonable man to suppose that Lee would not or could not get off the track?

*Answer*—Yes.

To defendant's interrogatories they answered as follows :

*First*—Did deceased see the train in time to have gotten off the track before it struck him?

*Answer*—No.

*Second*—Did deceased have timely warning by the ringing of the bell of locomotive, or otherwise?

*Answer*—No.

*Third*—Had deceased stepped off the track before he was struck?

*Answer*—No.

*Fourth*—Were there any obstructions near or at the place where deceased was struck, that would have prevented deceased from stepping off the track in time to avoid the danger?

*Answer*—Yes.

*Fitfh*—Was deceased drunk or sober at the time he was struck?

*Answer*—Intoxicated.

The jury returned a verdict in favor of plaintiff for $712.50.

The defendant then filed its motion for a new trial, which was overruled. It saved exceptions and appealed.

The true rule and well settled doctrine governing in cases like this is stated in *R. R. Company v. Pankhurst, 36 Ark., 376,* thus: "One who is injured by the mere negligence of another, cannot recover at law or equity any compensation for his injury, *if he, by his own or his agent's* ordinary negligence or willful wrong, contributed to produce the injury of which he complains, so that, but for his concurring and co-operating fault, the injury would not have happened to him, except where the direct cause of the injury is the omission of the other party, *after becoming aware of the injured party's negligenc*e, to use a proper degree of care to avoid the consequences of such negligence."

Lee had no legal right to be on that part of the railroad track of appellant where he was walking at the time he was killed. It was not at a public crossing, and was no part of a public highway. It was made solely for the running of the cars and train of appellant, and the fact that persons did walk upon it, however frequently, did not change it's character and convert it into a highway for footmen. Being on the private property of appellant, he was where he should not have been, and was bound to use every precaution, every dilligence, every care, against any danger which might have happened to him there. *Finlayson v. R. R. Co. 1 Dill., 579.*

This was his duty. The fact that he was drunk did not relieve him of it. "Drunkenness," it is said, " will never excuse one for a failure to exercise the measure of care and prudence which is due from a sober man under the same circumstances. Men must be content, especially when they are trespassers, to enjoy the pleasures of intoxication *cum periculis.* When they make themselves drunk, and in that condition wander upon a railroad track, and

sustain an injury, they will not be heard to plead their intoxication as an answer to the charge of negligence," or as a reason why the railroad company should be held responsible to them for damages. *R. R. Co. v. Pankhurst, 36 Ark. 371; Chicago, etc., R. R. Co. v. Bell, 70 Del., 102; Toledo, etc., R. R. Co. v. Riley, 47 Ill., 514; Herring v. W. & R. R. R. R. Co., 10 Ind., 402.*

If the employes of a railroad company in charge of its train see a man walking upon its track at a distance ahead sufficient to enable him to get out of the way before the train reaches him, and are not aware that he is deaf or insane, or from some other cause insensible of the danger, or unable to get out of the way, they have a right to rely on human experience and to presume that he will act upon the principles of common sense and the motive of self-preservation common to mankind in general, and will get out of the way, and to go on without checking the speed of the train until they see he is not likely to get out of the way, when it would become their duty to give extra alarm by bell or whistle, and if that is not heeded, and it becomes apparent that he will not get out of the way, then, as a last resort, to check its speed, or stop the train, if possible, in time to avoid disaster. If, however, the man seen upon the track is known to be, or from his appearance, gives them good reason to believe that he is insane or badly intoxicated, or otherwise insensible of danger, or unable to avoid it, they have no right to presume that he will get out of the way, but should act upon the hypothesis that he might not or would not, and should use a proper degree of care to avoid injuring or killing him. Failing in this, the railroad company would be responsible for damages, if by the use of such care, after becoming aware of his negligence, they could have avoided injuring him. *Lake Shore, etc., R. R. Co. v. Miller,*

1. RAILROADS: Negligence Contributory negligence.

*25 Mich., 279; R. R. v. Freeman, 36 Ark., 46; R. R. Co. v. Pankhurst, 36 Ark., 376.*

The instruction objected to by appellant was properly given. · Comment on the facts of the case is unnecessary. It is sufficient to say there was some evidence to sustain the verdict and special findings of the jury. It is not for us to decide whether we would return a like verdict or believe the evidence was properly weighed.

Judgment affirmed.