ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPA*?*

*v.* LONDON.

Opinion delivered March 25, 1907.

RAILROAD—DUTY TO PERSON ON TRACK.—Where the employees in charg of a train, after discovering that a person upon the track in fron of the train was deaf and unaware of his danger, did all that they could have done to stop the train before striking him, the railroad company was guilty of no negligence.

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; reversed.

*Oscar L. Miles,* for appellant.

1. Appellee's intestate, an old man, very deaf, and of failing eyesight, was walking along appellant's railroad track, at about noon. For about a mile west of the trestle where he was struck, from which direction the train was coming, the track was perfectly straight, and nothing intervened to obstruct his view. He did not look for a train as he approached the track, nor after he reached it and started across the trestle. A clear case of contributory negligence on the part of the deceased, without which the injury would not have occurred, and no recovery can be had, unless the train operatives, after becoming aware of his negligence and peril, failed to use the proper degree of care to avoid injuring him. 46 Ark. 513. It is in proof that the engineer saw him as he approached the track and supposed he would leave the track in time to avoid being struck. This supposition he had the right to indulge. *Ib.* When deceased started onto the track, the engineer realized, for the first time,

that he had not discovered the train, and immediately used all means and appliances with which the train was equipped, which were of the best character possible, to stop it. Deceased was a naked trespasser, and the defendant was guilty of no negligence after discovering his peril. *Ib.;* 47 Ark. 502; 36 Ark. 41; *Ib.* 371; 45 Ark. 246; 49 Ark. 257; 76 Ark. 10.

2. Plaintiff's contributory negligence having been shown, the burden then rested upon plaintiff to show that defendant's employees in charge of the engine wantonly, wilfully and recklessly failed to exercise the proper care and diligence to avoid the injury. 69 Ark. 383.

*J. E. London* and *W. A. Gillinwaters,* for appellee.

The testimony shows wanton and wilful negligence on the part of the engineer. This was clearly a case for the jury, under the facts and testimony; and, the case having been submitted to them under correct instructions from the court, their verdict ought not to be disturbed. 144 U. S. 417; 46 Ark. 142; 51 Ark. 167; 56 Ark. 314; 47 Ark. 196; *id.* 469; 78 Ark. 43.

BATTLE, J.    T. J. Kinsey brought this action, in his lifetime, against the St. Louis, Iron Mountain & Southern Railway Company to recover damages which he alleged he sustained by reason of the negligence of the defendant. He alleged in his complaint that the negligence was committed as follows:

"That said defendant's railway track for a distance of one mile west of said trestle, this being the direction from which said train was coming, is straight and level, and the view along said track is unobstructed; that plaintiff, being hard of hearing, was not aware of the approach of said train until he was struck by the same; that said engineer, seeing this plaintiff, blew the whistle on said engine before reaching the trestle and slowed up his train when just at west end of said trestle, then deliberately started up his train and run this plaintiff down, the pilot on the engine striking him, the said plaintiff, knocking him down; that, after he fell upon the track of said railway, the defendant's engineer stopped the engine after the pilot had passed over plaintiff and just when the wheels struck him, backed the train, and he was picked up, bruised, shocked and bleeding."

The defendant answered, and specifically denied the foregoing allegations, and alleged that his injury was caused by his contributory negligence.

After hearing the evidence, the instructions of the court and argument of counsel, the jury returned a verdict for the plaintiff for $583.33 1-3. The defendant appealed.

The contention of the appellant is, that there was no evidence to sustain the verdict of the jury.

Kinsey was partially deaf. His hearing was very defective, and he could not see far, he being about 85 years old. There was a trestle near Alma, which formed a part of appellant's railroad.

Levi Farris, a witness for appellee, testified in part as follows:

"Q. You saw him hurt? A. Yes, sir. Q. Where were you when the train struck him? A. I was north of the trestle about a quarter of a mile. Q. Now, just tell the jury in your own way what attracted your attention, etc. A. Well, the whistle attracted my attention. I looked and saw the train coming, and saw an old gentleman with a walking stick walking along the railroad, and I looked for him to get off, but he just kept walking ahead, and the train ran on and slowed up, and I kept waiting to see him to get off and would look at the train and then at him. I knew that they were whistling at him. And then it kept slowing up until I thought it was about stopped just before it entered the trestle, and I looked then and saw where the old gentleman was, and he was behind a tree from me, and the train kept moving up slowly, and the next thing I *seen* the old man went headlong, and the train struck him. Q. How far was that train from the old man when it whistled? A. I can't say. Q. About how far? A. It must have been 100 yards, maybe further. Q. Did it continue to whistle as it came on up? A. Well, I couldn't say, but that is what first *drawed* my attention, and I saw it coming. Q. Now, you say that before it got to the trestle it slowed down, and then just continued to move along up until it struck him? A. Yes, sir. Q. In other words, it didn't stop until it hit him, did it? A. No, sir; it didn't stop until it struck him."

Kinsey was struck by the engine of appellant's train on

the trestle, which was about 140 feet long, and fifteen or sixteen feet high. He had advanced about one hundred feet on the trestle, and had about forty feet more to go to get off, at the time he was struck. At this time there was no way for a man of his age to have got off the trestle.

James Lannan, the engineer upon the engine which struck Kinsey, testified as follows:

"Q. In what business were you engaged last July? A. Locomotive engineer. Q. Were you in charge of the engine pulling an east bound freight train which struck this old gentleman over there on the 27th of July? A. I don't remember the day, but I was in charge of the engine. Q. Just tell the jury in your own way about it. A. After I sounded the whistle for Alma, about half a mile from Alma station, I noticed this man on the track or on the side of the track. Q. Was he on the trestle at the time? A. No, sir. Q. Had not reached the trestle then? A. No, sir. After I blew for the station I noticed a man there on the side of the track, or on the track, I won't say positively. When I got to within 100 or 150 yards of this gentleman, I saw him step on the trestle. I saw by the motions he was making there was something wrong, that he couldn't hear, and I sounded the whistle for brakes, which, of course, was not necessary, as I was using the air. I stopped the train in about 100 or 150 feet. The speed of my train was about eighteen miles an hour, and I stopped with the pilot about six inches across his legs with my air on, and my sand box open and running, and my reverse lever. The brakeman said, 'Why don't you go ahead,' and I said 'I have a man under this engine,' and I said to the fireman, 'Go, see if he's killed.' He got out and told me to back up. I backed off of him without releasing my air for fear the slack might run up on him, and we got him up and led him off the trestle. Q. Just as you saw him start on the trestle you did everything in your power to warn him? A. I whistled, reversed the air, turned on sand. That is all an engineer could do to keep a train from going any further. I made an excellent stop. Q. Do you remember the number of cars you had? A. I think, 20 or 24."

The duty of a railroad company in such cases as this is defined in *St. Louis, Iron Mountain & Southern Railway Co.* v. *Wilkerson*, 46 Ark. 513, as follows:

"If the employees of a railroad company in charge of its train see a man walking upon its track at a distance ahead sufficient to enable him to get out of the way before the train reaches him, and are not aware that he is deaf or insane, or from some other cause insensible of the danger, or unable to get out of the way, they have a right to rely on human experience and to presume that he will act upon the principles of common sense and the motive of self-preservation common to. mankind in general, and will get out of the way, and to go on without checking the speed of the train until they see he is not likely to get out of the way, when it would become their duty to give extra alarm by bell or whistle; and if that is not heeded, and it becomes apparent that he will not get out of the way, then, as a last resort, to check its speed, or stop the train, if possible, in time to avoid disaster."

According to this test, the appellant was guilty of no negligence in this case, and it is not liable for damages.

Reverse and remand for new trial.