ADAMS *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY

COMPANY.

· Opinion delivered June 24, 1907..

RAILROAD—LIABILITY TO TRESPASSER ON TRACK.—One who. goes upon a railroad track and is injured by a train is a trespasser and can not recover unless he shows that the trainmen actually discovered his peril in time to avoid injuring him and that they wilfully and recklessly injured him.   (Page 301.)

2.  SAME—BURDEN OF PROOF.—The burden is upon one seeking to recover for injuries received while improperly upon a railroad track to show that the trainmen discovered his peril in time to avoid injuring him and that they wilfully and recklessly injured him.   (Page 302.)

Appeal from Miller Circuit Court; *Joel D. Conway,* Judge; affirmed.

*L. A. Byrne,* for appellant.

1.   Plaintiff was a licensee and not a trespasser, and defendant owed him a public or a *quasi* public duty.   20 Am. & Eng. R. Cases (N. S.), 372; 34 *Id.* (O. S.), 13; 19 *Id.* (N. S.), 236; 70 Tex. 530; 104 N. Y. 362; 11 Am. & Eng. R. Cases, 829 and notes.

2.   After discovering plaintiff in a perilous position it was the duty of defendant's employees to avoid injuring him, and if necessary to stop the train.   46 Ark. 573; 49 *Id.* 257; 50 *Id.* 477.

3.   It is negligence *per se* for a railway to run its trains at a high rate of speed through a populous city.   76 Ark. 100. The questions should have gone to the jury under proper instructions.   79 Ark. 137.

*T. M. Mehaffy* and *J. E. Williams,* for appellee.

Appellant was a trespasser.   46 Ark. 513; 46 *Id.* 522; 83 Ill. 510; 34 W. Va. 514; 1 Dill. (U. S.), 579; 71 Ill. 500; 54 Am. & Eng. R. Cases, 157; 6 *Id.* 1.   Our statute makes it obligatory upon a railway to keep a lookout and to give warning of its approach, but this does not excuse the negligence of plaintiff.   64 Ark. 364; 78 *Id.* 55.   There is no proof of negligence after discovery of plaintiff's peril, and there can be no recovery if deceased is guilty of contributory negligence in being on the track, unless his situation was discovered in time to avoid the injury.   69 Ark. 380; 77 *Id.* 401; 76 *Id.* 10; 74 *Id.* 407.

BATTLE, J.   In the month of September, 1904, while Thomas Adams was walking across a trestle about one hundred feet long and twenty feet high at the highest point, in the railroad of the St. Louis, Iron Mountain & Southern Railway Company, near the city of Texarkana, in this State, a passenger train of the company ran against and injured him.   He was at the time a trespasser upon the trestle.   He had no right to be there.   It was constructed solely for the running of the cars and trains of the railroad company, and the fact that persons did walk upon it, however frequently, did not change its character and convert it into a highway for footmen.   *St. Louis, I. M. & Sou. Ry. Co.* v. *Wilkerson,* 46 Ark. 513; *Illinois, etc. Ry. Co.* v. *Hetherington,* 83

Ill. 510; *Spicer* v. *Chesapeake & O. Ry. Co.,* 34 W. Va. 514; *Finlayson* v. *Chicago, B. & Q. Ry. Co.,* 1 Dillon, 579. He was in a place of danger, and in so being was guilty of contributory negligence, and can not recover damages on account of his injury, unless the trainmen either injured him wantonly, maliciously or intentionally, or were guilty of negligence in avoiding injuring him after discovering his peril. It is not sufficient to show that they by the use of ordinary care could have discovered his peril, but it should be shown that they actually discovered his peril in time to avoid his injury. *St. Louis & S. F. Ry. Co.* v. *Townsend,* 69 Ark. 380; *Barry* v. *Kansas City, Fort Scott & M. Ry. Co.,* 77 Ark. 401; *Burns* v. *St. Louis S. W. Ry. Co.,* 76 Ark. 10; *Chicago, R. I. & P. Ry.* v. *Bunch,* 82 Ark. 522. And the burden was upon him, before he could recover, to show that they discovered him upon the trestle and his perilous condition in time to avoid injuring him, and wilfully and recklessly injured him. *St. Louis & San Francisco Ry. Co.* v. *Townsend, supra.* He has failed to advance any evidence to that effect. The evidence probably shows that they could have seen him, but that is not sufficient.

Judgment affirmed.

Wood, J. dissents.