St. Louis, Iron Mountain & Southern Railway Company

*v.* Lavendusky.

Opinion delivered October 26, 1908.

1.  Master and servant—liability for servant's tort.—A railroad company is not liable for the tortious act of a servant whereby a trespasser upon its track was injured, if such act was not for the benefit of the company nor within the scope of the servant's authority, either real or apparent. (Page 542.)

2.  Railroads—application of doctrine of discovered peril.—The doctrine that railway companies are liable for injuries to trespassers caused by failing to exercise ordinary care to avoid injuring them after their perilous situation has been discovered has no application in cases where the servant's act causing the injuries is beyond the scope of his employment. (Page 542.)

Appeal from Franklin Circuit Court, Ozark District; *Jeptha H. Evans*, Judge; reversed.

STATEMENT BY THE COURT.

Walter Lavendusky, a lad about nine years old, was walking by the side of appellant's railroad track in its yards at the town of Denning, Arkansas. While Lavendusky was thus walking, the yardmaster of appellant threw from one of its freight cars as it passed along the track a large lump of coal, which struck the lad upon his head, severely injuring him. An eye-

witness testified that the yardmaster was looking down towards young Lavendusky when he threw the coal off. It was shown that the switch or yard crew of appellant threw coal off its cars near where one Kelly lived "pretty often," and that this had been done for a year or two. The witness explained that the crew would throw the coal off "sometimes every day, and then again they would check up and not throw off any for a few days, and then they would go to throwing it off again." It was shown that after the cars were loaded with coal they were taken down into appellant's yard. The cars were under the supervision of appellant's yardmaster. The coal on the cars did not belong to the yardmaster, but to the parties to whom it was billed. Neither the yardmaster nor any switchman, or any one connected with the yard service had any authority to throw coal from the cars. When this was done, it was in direct violation of the rules of the company. It was not done for the benefit of appellant. When Lavendusky was injured, he was in a path along the railroad "where all the people passed." He was about ten or fifteen yards from the public road.

These are the undisputed facts upon which appellee recovered a judgment against appellant for $2,500, which this appeal seeks to reverse.

*Lovick P. Miles,* for appellant.

1. The court should have directed a verdict for the defendant because there was no evidence that the act of Hartley in throwing the coal was done in the course of any duty involved in his employment; because it fails to show that his act was in any sense for the benefit of his employer, but on the contrary was directly antagonistic thereto; and because the evidence fails to show that his act was within the line of his duty, but on the contrary shows that it was a flagrant violation of his duty. 75 Ark. 579; 81 Ark. 369; 59 Ark. 395; Wood, Master & Servant, 546; 58 Ark. 381.

2. Since the plaintiff was at the time of the injury a trespasser on the property of the defendant, it owed him no positive duty of care, but only the negative duty to exercise ordinary care after his perilous position was discovered. 75 Ark. 579.

*Sam R. Chew,* for appellee.

Wood, J., (after stating the facts.) It was beyond the scope of the employment of the yardmaster to throw coal from appellant's car in the manner shown by the evidence. Appellant had not invested him with such authority, either real or apparent. The act was not for the benefit of appellant, and was a tort for which appellant was not liable. *St. Louis, I. M. & S. Ry. Co.* v. *Grant,* 75 Ark. 579; *St. Louis, I. M. & S. Ry. Co.* v. *Bryant,* 81 Ark. 369; *Railway Co.* v. *Bolling,* 59 Ark. 395.

The evidence does not show that Lavendusky was upon the public highway. It is not shown that the path where he was at the time of his injury was a part of the public highway. He was therefore a trespasser. *Adams* v. *St. Louis, I. M. & S. Ry. Co.,* 83 Ark. 300; *St. Louis, I. M. & S. Ry. Co.* v. *Wilkerson,* 46 Ark. 513. The appellant owed him no positive duty to exercise ordinary care to protect him from injury. The doctrine that railway companies are liable for injuries to trespassers caused by failing to exercise ordinary care to avoid injuring them after their perilous situation has been discovered can have no application in cases where the servant's acts causing the injuries are beyond the scope of his employment.

The case of *Fletcher* v. *Baltimore & P. Rd. Co.,* 168 U. S. 135, relied upon by appellee, is not in point. Fletcher, the plaintiff in error, at the time of his injury was upon a street crossing, where he had the right to be, and where the company owed him the duty to exercise ordinary care to avoid injuring him. Likewise, in the case of *St. Louis S. W. Ry. Co.* v. *Underwood,* 74 Ark. 610, the party injured was upon the public street. Other reasons also distinguish these and other cases relied upon by counsel for appellee in his oral argument from the case at bar.

For the reasons expressed the judgment is reversed, and the cause is remanded for a new trial.