## MOODY *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

### Opinion delivered December 14, 1908.

1. APPEAL—DENIAL OF NEW TRIAL—EXCEPTION.—Where the record shows that the plaintiff filed a motion for new trial, which was refused, whereupon plaintiff prayed an appeal, which was granted, the prayer of an appeal, following the court's denial of a new trial, is tantamount to an exception thereto. (Page 106.)

2. RAILROADS—USE OF TRACK AS FOOTPATH—LICENSE.—Where a railroad company permitted its roadbed to obstruct the natural drainage of water from an adjacent street, so that it washed away the sidewalk, in consequence of which footmen used the railroad track as a footpath, and such use was so general, long continued and oft repeated that the railroad company must have known of and acquiesced in it, then a person who was injured while so using the roadbed will be deemed a licensee, and not a trespasser. (Page 107.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; reversed.

## STATEMENT BY THE COURT.

The appellant alleged that he was a passenger on appellee's train from Judsonia to Bald Knob; that the purpose of his trip was to visit a son, who resided about a fourth of a mile south of the depot at Bald Knob near the defendant's railroad track; that when he arrived at Bald Knob and alighted he found the street leading south to his son's house impassable, rendered so on account of the wilful negligence of the defendant company, and so he was forced to walk down the railroad track in order to reach his son's residence; that in the exercise of due care himself, after discovering that many others were walking down defendant's track, he too proceeded to so walk; that after he had gone several hundred feet the passenger train upon which he had gone to Bald Knob began to back upon the main line; that he, keeping constant watchout for trains, stepped aside off of the main line out of the way of the passenger train; that while in the act of so removing himself from in front of the backing passenger train, keeping constant watchout for danger, a train belonging to the defendant company, known as the Memphis Local, rapidly and without any one on the rear end thereof, rushed back, without any warning whatever, up against the plaintiff in this action and knocked him to the ground, severely injuring him. He laid his damages at $5,000.

The appellee answered, denying all the material allegations of the complaint and setting up contributory negligence. On the trial appellant asked a witness this question: "About one year ago" (the time of appellant's injury), "did the rains flood the street on account of the smallness in the opening under the railroad track, and wash away the sidewalk that was built by the town for the travel of pedestrians down into the south part of the railroad company's yard?" The court refused over appellant's objection to allow the witness to answer, and the appellant excepted to the ruling. Again: "I want to ask you if it is not true that the railroad bed and its tracks from the depot south to the limits of the corporation have not been for a number of years used by footmen as a toepath, when they were traveling up and down the railroad, or from the lower part of the town to the business part of the town?" The court refused to allow witness

to answer, over appellant's objection, and he excepted to the
ruling of the court. Appellant asked another witness the fol-
lowing: "I want to ask if it is not a fact that the ditch between
the railroad and the street in front of the house in which you
lived, where Mr. Moody now lives—if it is not a fact that a
plank was across that ditch, and a perfectly well-defined toepath
leaving that plank from the railroad and across the ditch?" And
further: "Is it not a fact that pedestrians so generally and so
continuously traveled up and down the railway dump from about
the depot down to the extreme end of the corporate limits that
there was a well-defined toepath between the tracks of the said
railway company?" The court, over appellant's objection, re-
fused to allow the witness to answer these questions, and appel-
lant excepted to the ruling. The appellant at the time offered
to prove by several other witnesses the condition of the sidewalk
caused by the failure of the appellee to provide sufficient open-
ings for the water to get through, and that pedestrians used ap-
pellee's railroad track as a footpath, as attempted to be shown
by the questions asked the witnesses *supra,* but the court refused
the request, and appellant excepted.

After other evidence was adduced, the court directed the
jury to return a verdict in favor of appellee. Appellant moved
for new trial, assigning as error, among other things, that the
court refused to permit the witnesses to answer the questions set
forth *supra,* and in directing a verdict for appellee. The motion
was overruled, and this appeal is duly prosecuted from a judg-
ment in favor of appellee.

*J. N. Rachels,* for appellant.

From the facts proved, and facts offered to be proved (and
erroneously excluded), appellant was at the time of the injury
on the right of way as a licensee and not as a trespasser. 60
S. W. 195; 20 Am. & Eng. R. Cas. (N. S.) 372; 70 Tex. 530;
90 Tex. 314; 85 Ark. 326; 110 S. W. (Ark.) 590. Appellant
was pursuing the usual way of pedestrians at this point, was
there by the implied permission of appellee, and was, therefore,
a licensee. 94 Fed. 323; 85 Ark. 326; 30 Am. & Eng. R.
Cas. (N. S.) 132; 36 *Id.* 151; 49 *Id.* (O. S.) 468; 10 L. R. A.
(N. S.) 486. If, as appellee offered to prove, appellant's road-

bed at the point where the injury occurred was within the corporate limits of the town, and was habitually used as a common thoroughfare or toepath over which many people daily passed, then, in failing to keep a lookout for pedestrians, and in failing to keep its train under control, appellant was guilty of negligence. Kirby's Digest, § § 6595, 6607; 78 Ark. 22; 80 Ark. 535; 83 Ark. 61; 85 Ark. 326; 110 S. W. 590.

*T. M. Mehaffy* and *J. E. Williams,* for appellee.

1. Appellant's abstract is insufficient. Notwithstanding the testimony takes up about forty-six pages of the transcript, appellant brings only three pages into the abstract, making no reference at all to the testimony of two of his own witnesses. Yet he seeks reversal on the facts. The appeal should be dismissed. 81 Ark. 66; 83 Ark. 77; *Id.* 35; 76 Ark. 130; 76 Ark. 217; 82 Ark. 547.

2. Under our practice the appeal is always from the order overruling the motion for new trial. A failure to save exceptions to the court's ruling leaves nothing on which to base the appeal. 4 Ark. 87; 5 Ark. 659; 7 Ark. 241; *Id.* 259. "If the party does not follow the ruling on his objection up by clinching it with an exception, he waives the objection." 73 Ark. 407-9; 76 Ark. 400; 85 Ark. 495. See, also, Kirby's Digest, § 6222; 112 N. W. 1120; 149 Mich. 451.

3. The judgment is right on the whole record, and should be affirmed. It simply shows that appellant was using appellee's main track as a highway at a place where trains were to be expected at any moment. A railroad track is not a public highway, and no amount of use can make it such. 46 Ark. 513; 82 Ark. 267; 83 Ark. 300, and cases cited.

WOOD, J., (after stating the facts). First. The appellee contends that there is no exception to the ruling of the court in refusing a new trial. The record order on this point is as follows: "At a former day of the present term of this court, the plaintiff filed motion for a new trial of the cause herein, and, the same being this day submitted to the court for its consideration and judgment, and the court, being well and sufficiently advised, doth refuse the prayer for a new trial, the plaintiff at the time having prayed for an appeal to the Supreme Court, which

is by the court granted, and plaintiff given ninety days to pre-
pare and file his bill of exceptions." We are of the opinion that
this order, showing that the court refused the prayer for new
trial and that the plaintiff at the time prayed for appeal to the
Supreme Court, necessarily shows by implication, at least, that
the plaintiff excepted to the ruling of the court in refusing his
motion for new trial. The prayer for the appeal following the
ruling in the same order, and from the ruling, was tantamount to
an exception to the ruling.

Second. The court erred in refusing to allow witnesses to
answer the questions propounded by appellant. If appellee per-
mitted its roadbed to obstruct the natural drainage of water from
the street, so that it overflowed and washed away the sidewalk,
and thus compelled footmen to use the railroad track as a "toe-
path," instead of the sidewalk, and if this use of the railroad
track by the public as a highway was so general, long continued
and oft repeated that the appellee must have known thereof and
acquiesced therein, then such use by appellant at the time of his
injury would be permissive and constitute him a licensee, instead
of a trespasser. *Gulf, C. & S. F. Ry. Co.* v. *Matthews,* 66 S. W.
588, 24 A. & E. R. Cas. (N. S.) 580; *Connell* v. *Chesapeake & O.
Ry. Co.,* 19 A. & E. R. Cas. (N. S.) 236; *Davis* v. *Chicago & N.
W. Ry. Co.,* 15 A. & E. R. Cas. 424; *Morgan* v. *Wabash R. Co.,*
20 A. & E. R. Cas. (N. S.) 372; *Penn. Rd. Co.* v. *Hammill,* 24
L. R. A. 531; *Anderson* v. *Chicago, St. P., Minn. & O. R. Co.,*
23 L. R. A. 203; *Ward* v. *Southern Pac. R. Co.,* 23 L. R. A. 715.

The questions propounded by appellant to the witnesses were
calculated to elicit testimony which would tend to show that
the public was using the railroad track as a highway by at least
the implied invitation or permission of appellee. The questions
were therefore relevant, and pertinent to the issues of negligence
and contributory negligence which were raised by the pleadings.
The court should have permitted a thorough investigation along
this line, but instead precluded by its rulings any inquiry that
would develop the facts showing appellant to have been a licensee,
even if such facts existed.

The appellee relies upon the cases of *St. Louis, I. M. & S.
Ry. Co.* v. *Wilkerson,* 46 Ark. 513; *St. Louis, I. M. & So. Ry.
Co.* v. *London,* 82 Ark. 267, and *Adams* v. *St. Louis, I. M. & So.*

*Ry. Co.*, 83 Ark. 300, to establish that appellant was a trespasser, even if the facts were proved as he proposed. But in none of these cases was there any evidence tending to show that the railroad track had been used so openly, constantly and continuously by the public as a highway that the railway company must have known of and acquiesced in such use. The facts which appellant proposed to prove, if established, would make the case similar, in these respects, to that of *Missouri & N. A. Rd. Co. v. Bratton*, 85 Ark. 326.

For the error of the court in refusing to permit the witness to answer the questions propounded by appellant and in refusing the offered evidence and in directing a verdict for appellee, the judgment is reversed, and the cause is remanded for a new trial.