HARVEY *v.* BURR.

5-486                                                  271 S. W. 2d 777

Opinion delivered October 18, 1954.

*W. H. Howard* and *Williamson & Williamson,* for appellant.

*T. S. Lovett, Jr.,* for appellee.

MINOR W. MILLWEE, Justice. This is an action by plaintiff, Curtis Burr, to recover damages for serious personal injuries sustained when he was struck by a car owned and being driven by the defendant, L. C. Harvey, on the night of March 23, 1952, on State Highway No. 81 near the village of Yorktown in Lincoln County. The case was heard and submitted to the jury solely upon the doctrine of "last clear chance" or "discovered peril," resulting in a verdict and judgment in plaintiff's favor for $12,500.

The primary contention for reversal is that the trial court erred in refusing to direct a verdict for the defendant. It is insisted that the doctrine of "discovered peril" is inapplicable under the facts which are insufficient to support the verdict.

On the night in question the defendant was driving from Little Rock to his home at Monticello, Arkansas, accompanied by his wife and daughter. Near the junction of Highways 65 and 81 they picked up Frank Hardin who was flagging a ride after his truck ran out of gas. They proceeded down the blacktop road which was 18 feet wide with a line down the center. Hardin was sitting in the back seat while the other three remained in the front seat of the car. About 11:30 p. m. they crossed the bridge near Yorktown where the road was level. The car was traveling south and the weather was clear.

According to the testimony of Frank Hardin who testified for plaintiff, he first saw plaintiff about 240 feet ahead of the car and told defendant, "Yonder is a man in the road—way out in the road." At that time plaintiff was about half the distance between the center line of the pavement and the west or driver's right-hand edge walking backward and to the center of the road "thumbing" defendant's car which plaintiff was facing. Defendant then checked his speed from about 50 to 45 miles per hour and continued down the road. When the car was about 20 feet from plaintiff he stepped to the west edge of the pavement but then took "a step or two" back to the east where he was hit by the center of the right front of defend-

ant's car and knocked forward and to the right. On direct examination Hardin testified that when plaintiff started to the west edge of the road the car did likewise and then turned back to the east as plaintiff stepped back in that direction. On cross-examination Hardin testified that plaintiff continued walking backward and trying to "thumb a ride" from the time he was first seen until the car was about 6 steps from him and that he was then about 4 or 5 feet from the west edge of the pavement when he stepped to the west and just off the pavement and defendant turned the car to the left or east. It was then that plaintiff stepped back east on the highway in front of the car and he would not have been hit if he had not done so.

Two other witnesses testified that they passed plaintiff a few minutes before the accident. As their car approached plaintiff, he stepped to the center of the highway and started flagging the automobile and the driver veered to the left and passed plaintiff without leaving the pavement.

The testimony of defendant, his wife and daughter was similar in most respects to that given by Hardin. They testified they first saw plaintiff about 400 feet ahead and that defendant took his foot off the accelerator as plaintiff walked to the middle of the road and over on the east or left side. Defendant veered to the west side to go around plaintiff but when the car was within a few feet of plaintiff going about 30 miles per hour he suddenly stepped in front of the car. Defendant immediately swerved to the left and "jammed on" the brakes but plaintiff threw up his hands and staggered or stepped back east in front of the car and was struck while the wheels were still skidding. They saw nothing to indicate that plaintiff was in an intoxicated or otherwise helpless condition until the last instant when he staggered in front of the car. There were skid marks on the right side of the pavement about ten feet long leading up to and just beyond the place where plaintiff was struck and they were veering to the left at that point.

Plaintiff did not testify in his own behalf but was called as a witness by the defendant. While he was able

to recall his other activities on the day in question leading up to the accident, he did not recall the details immediately surrounding it. It is undisputed that plaintiff had been drinking to excess on week ends for several years and had been treated for chronic alcoholism. There was also evidence that he was drinking on the day of his injury. He testified that he drank only two bottles of beer at his house that day.

Since a recovery rests solely upon the doctrine of discovered peril, the pertinent issue is whether that doctrine is applicable in the case at bar when the facts are considered in the light most favorable to plaintiff. We have repeatedly defined the doctrine to mean that the contributory negligence of the plaintiff does not preclude a recovery for the negligence of the defendant when it appears that the defendant, by exercising reasonable care and prudence after discovering the perilous position or condition of the plaintiff, could have avoided the injurious consequences to the plaintiff. *Missouri Pacific Railroad Co.* v. *Skipper,* 174 Ark. 1083, 298 S. W. 849; *Sylvester* v. *U-Drive-Em System,* 192 Ark. 75, 90 S. W. 2d 232; *Shearman Concrete Pipe Company* v. *Woolridge,* 218 Ark. 16, 234 S. W. 2d 382. The position in which plaintiff must be discovered under the doctrine has been variously called "position of peril," "perilous condition," "place of danger," "perilous situation." While there are few cases which actually attempt to define these terms, the courts agree that "position of peril" involves more than a mere possibility of injury.[1] The principle is stated in this language in 38 Am. Jur., Negligence, § 219: "The discovery of the danger, or a duty to discover it, when offered as a predicate for a charge of negligence on the part of the defendant after the peril arose, involves something more than a mere discovery or the duty to discover the injured person; it includes a duty in the circumstances to appreciate the danger in time to take the steps necessary to avert the accident."

The case of *St. Louis, I. M. & S. R. Co.* v. *Jordan,* 65 Ark. 429, 47 S. W. 115, involved the striking of plaintiff

---

[1] See cases cited in 29 Mich. Law Rev. 1100.

by a train under facts and circumstances quite similar to those in the instant case and where the trainmen did not observe plaintiff's intoxicated condition until it was too late to avoid striking him by the exercise of reasonable care. The effect of the holding in that case is that although an intoxicated person is discovered in time to avoid injuring him, yet if he gives no reasonable appearance of being intoxicated or helpless, and there is sufficient opportunity for him to save himself, the defendant may rely on human experience and assume that he will do so, and is not required to take steps to avoid the accident until it reasonably appears that plaintiff is unconscious, helpless, or so badly intoxicated that he is not likely to save himself. The same rule was applied in *St. Louis, I. M. & S. R. Co.* v. *Wilkerson,* 46 Ark. 513, and *Little Rock R. & Electric Co.* v. *Billings,* 173 F. 903, 31 L. R. A., N. S. 1031, 19 Ann. Cas. 1173. Cases from other jurisdictions to the same effect are collected in the annotation in 26 A. L. R. 2d 342.

When the foregoing principles are applied to the facts viewed in the light most favorable to plaintiff, it is our conclusion that the evidence was insufficient to establish liability under the doctrine of discovered peril. When defendant saw plaintiff about 240 to 400 feet ahead on the highway, plaintiff was walking backward to the center of the road "thumbing" the approaching car which he was facing. While the record discloses that plaintiff was probably under the influence of intoxicants at the time, it was not shown that he acted in a drunken or otherwise helpless manner until immediately prior to being struck and when defendant was too close to avoid the accident. The evidence is simply insufficient to warrant a jury determination that defendant should have concluded when he first saw plaintiff that the latter was unconscious, helpless, or so intoxicated that he would be unable to reach a place of safety, which in fact he did shortly before he was struck, and then suddenly stepped back in front of the car. In so far as the record discloses, defendant had never seen the plaintiff before and knew nothing about his drinking habits.

The judgment is accordingly reversed and the case, having been fully developed, is dismissed.

WARD, J., dissents.